COLUMBIA SCHOOL SUPPLY COMPANY *v.* LEWIS.

[No. 9,791. Filed May 11, 1917. Rehearing denied October 9, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Independent Contractor.* — In an action for an award under the Workmen's Compensation Act, Acts 1915 p. 392, evidence showing that plaintiff was employed by defendant to haul material for it both by the load and by the hour, using either his own wagon or one of defendant's, and that he also worked for others, that the defendant could terminate the employment at any time, that the work he was performing when injured was under the control of defendant, and that at the time of the injury he was using his own transfer wagon, is sufficient to sustain a finding that plaintiff was an employe and not an independent contractor. p. 341.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Industrial Board.—Review.—Weighing Evidence.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, where there is some evidence to sustain the findings of the board, the court on appeal will not weigh the evidence. p. 341.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Charles Lewis against the Columbia School Supply Company. From an award for applicant, the defendant appeals. *Affirmed.*

*McKay, Turner & Merrill,* for appellant.
*Willard Robertson,* for appellee.

IBACH, P. J.—This is an appeal from the award of the full board rendered on review.

The finding of facts filed with the award are as follows: "On the 8th day of July, 1916, plaintiff was in the employment of the defendant at an average weekly wage not exceeding $10; that on said date he received a personal injury by an accident arising out of and in the course of his employment, resulting in the total, permanent loss of the entire vision of his right eye; that the defendant had actual knowledge of the plaintiff's accident and injury on the day of its occurrence."

In addition to the facts above set out the undisputed evidence shows that appellee had an agreement with the appellant to do hauling for it. He was to furnish his own horse and the company was to pay him seventy-five cents a load to haul down to the depot and fifty cents for hauling to Twenty-First street and thirty cents an hour for hauling around the factory. He was hauling sheet metal around the factory on a single wagon and was pulling in the driveway between two buildings on the premises of the appellant when something was whisked through the air and struck him in the eye. Appellee hauled whenever there was anything to haul. Part of the time he used his own wagon and part of the time the company's wagon. At the time he was injured he was using his own wagon and horse. His wagon had a sign "Transfer" on one side and another sign "Charles Lewis Transfer" on the other side. Ap-

pellee had others drive his wagon at times. He was required to report at appellant's factory each morning about seven o'clock. "If there was any hauling to do I hauled and if there was not I went back home." Appellee was not to haul for any definite period and could have been discharged at any time. Appellee worked for others after hours. There is other evidence tending to show that appellant had the right, under the employment, to tell appellee "to quit, what to do, and how to do it."

The only question we are called on to consider is the sufficiency of the evidence to sustain the finding of facts that appellee was an employe of appellant at the time of his injury, and that the injury arose by accident out of and in the course of his employment.

The claim was resisted by appellant on the ground that appellee was an independent contractor. Appellee's work was limited by the right of the company to terminate it at any time, and it was for no definite period or amount. The particular work he was performing when injured was under the control of the company. Under the evidence we cannot say that appellee was an independent contractor. *Tuttle* v. *Embury-Martin Lumber Co.* (1916), 192 Mich. 385, 158 N. W. 875, 879.

The other legal principles involved in this appeal, in so far as they are controlling, have been discussed and disposed of in the ruling on the motion to dismiss. *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103. There is evidence tending to support the findings objected to, and, while there is evidence in conflict therewith, this court will not weigh the evidence.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 1. Independent contractors, definition, 76 Am. St. 382. Workmen's Compensation Act: who is a

"workman" within meaning of act, Ann. Cas. 1913C 28, 1916B 793, 1918B 704; review of facts on appeal, Ann. Cas. 1916B 475, 1918B 647.