### UNITED PAPERBOARD COMPANY v. LEWIS.

[No. 9,865.    Filed October 11, 1917.]

1. MASTER AND SERVANT. — *Injuries to Servant.* — *Workmen's Compensation Act.* — *Disease by Accident.* — Where a factory employe, whose duty was to keep the factory basement clean, was directed to flush into a sewer with a stream of hot water a quantity of steaming pulp which had been dumped on the basement floor because of the breaking of a pipe, and in performing the work he became overheated and took a chill on the way to his home, and soon afterwards acute nephritis manifested itself, the Industrial Board was warranted in finding that the breaking of the pipe created an unusual condition under which the employe was required to render a service outside the line of his ordinary duties, resulting in enforced exposure, and nephritis, having been contracted as a direct result of the unusual circumstances of the employment, was a personal injury by accident within the provisions of the Workmen's Compensation Act, Acts 1915 p. 392, the rule being that diseases by accident, within the meaning of workmen's compensation acts, are those which cannot be reasonably anticipated as an ordinary result of the employe's work, but are contracted as a direct result of unusual circumstances connected therewith. p. 359.

2. MASTER AND SERVANT. — *Injuries to Servant.* — *Workmen's Compensation Acts.—Construction.—Accident in Course of Employment.*—The words "by accident arising out of and in the course of the employment," as used in workmen's compensation acts, should be given a broad and liberal construction, and an injury is received in the course of the employment when it comes while the workman is performing the duty for which he is employed, and it arises out of the employment when there is apparent to the rational mind, upon a consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury. p. 361.

3. MASTER AND SERVANT. — *Injuries to Servant.* — *Workmen's Compensation Act.—Accident Arising Out of and in Course of Employment.* — *Evidence.* — *Sufficiency.* — In a proceedings for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, evidence showing that a factory employe, whose ordinary duty was to keep the factory basement clean, was ordered to flush into a sewer with a stream of hot water a quantity of steaming pulp which had been dumped on the basement floor because of the breaking of a pipe, that in

performing the work the employe became overheated and wet with perspiration, with the result that, when he came into contact with the open air while on his way from work to his home, he took a chill and nephritis subsequently developed, is sufficient to support a finding that the nephritis arose both out of and in the course of the employment within the terms of the act. p. 362.

4. MASTER AND SERVANT.—*Injuries to Servant.—Accident Growing Out of Employment.—Negligence.*—In a proceedings for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, the fact that claimant, after becoming overheated and wet with perspiration while flushing a quantity of hot pulp out of a basement, voluntarily exposed himself in the open air on his way home after work and took a chill would not be a defense under the act to a claim for compensation for nephritis following the chill, because where the primary injury arises out of the employment, every consequence which flows from it likewise arises out of the employment, and, though claimant's conduct was negligent, it could not defeat his right to compensation, since mere negligence is not a defense to such a claim. p. 363.

5. MASTER AND SERVANT. — *Workmen's Compensation Act. — Awards. — Review.—Evidence.—Admissibility.*—The Industrial Board, created by the Workmen's Compensation Act, Acts 1915 p. 392, is not a court, but an administrative body, and should not be held to strict rules governing the admission of evidence, and the admission of incompetent evidence will not operate to reverse an award, if there is evidence to support it. p. 364.

6. MASTER AND SERVANT. — *Workmen's Compensation Act. — Awards.—Review.—Evidence.—Weight and Sufficiency.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, where there is competent evidence to support the decision of the Industrial Board, the court on appeal cannot pass upon its weight and sufficiency. p. 365.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Amberson Lewis against the United Paperboard Company. From an award for applicant, the defendant appeals. *Affirmed.*

*John B. Coughlin,* for appellant.

*Switzer & Bent,* for appellee.

BATMAN, J.—Appellee filed his claim against appellant, before the Industrial Board of Indiana, under the

Workmen's Compensation Act, Acts 1915 p. 392, alleging that on August 7, 1916, he received personal injuries by reason of an accident arising out of and in the course of his employment by appellant in the city of Wabash, Indiana. On a hearing before the full Industrial Board, an award was adjudged in favor of appellee, from which appellant prosecutes this appeal.

Appellant, under its assignment of errors, urges that the award of the Industrial Board is contrary to law, and not sustained by sufficient evidence. The evidence tends to establish the following facts: Appellee is married, and has two minor children. On August 7, 1916, he was in the employ of appellant as "cellar boy." His duties were to keep the place clean. He was in good health when he went to work on the morning of said day. There were about two big wagonloads of steaming pulp in the basement room, where he was required to work on said day, that had run out of a broken iron pipe through which it was conducted, onto the cement floor of such room. Appellee's foreman directed him to remove the pulp by flushing it out into the sewer with water. To do this he was required to use a hose, through which hot water from the exhaust of the engine was forced. He was compelled to hold the hose in his hands in directing the flow of hot water against the pulp. It became so hot that he had to wrap it with a cloth in order to hold it. He began this work about eight o'clock in the morning and finished it in about three and a half hours. During such time he was compelled to stand in the heated pulp, inhale the steam, and smell the odor which it gave off. By reason of the heat of the pulp and water his working place became extremely hot. He perspired profusely, and his clothes thereby became thoroughly wet. The perspiration from his body ran down into his rubber boots, until they were very wet on the inside, and

his feet became extremely hot from the pulp and water. When he had completed this work he went home to get his dinner. On his way home he began to chill, and continued to chill for several days. On reaching home he changed his clothes. He felt stiff the next day. Soon afterwards acute nephritis manifested itself, which confined him to his bed for about eight weeks, and from the effects of which he has not fully recovered. His affliction resulted from the conditions described, and has caused disability for work.

The Workmen's Compensation Act, *supra*, of this state makes provision for the payment of compensation for personal injury or death by accident to an

1. employe, arising out of and in the course of his employment. Appellant first contends that the evidence shows that the disability of which appellee complains is the result of a disease, and not of an accident within the meaning of the act. Repeated efforts have been made to define an "accident" as used in similar acts in various jurisdictions, but the definitions are not uniform. One frequently approved defines an accident to be "an unlookedfor mishap, an untoward event which is not expected or designed." The courts have also differed as to whether a disease following an employment should be considered an injury by accident within the meaning of such acts. In the various decisions on this subject it is generally recognized that diseases are of two classes: First, the so-called industrial or occupational diseases, which are the natural and reasonably to be expected results of a workman following a certain occupation for a considerable period of time; second, diseases which are the result of some unusual condition of the employment. The first class is illustrated by lead poisoning, and the second by pneumonia following an enforced exposure. As a rule such industrial or occupational diseases are not considered

injuries by accident, and in the absence of special statutory provision compensation is not allowed therefor. On the other hand it is generally accepted that a disease which is not the ordinary result of an employe's work, reasonably to be anticipated as a result of pursuing the same, but contracted as a direct result of unusual circumstances connected therewith, is to be considered an injury by accident, and comes within the provisions of acts providing for compensation for personal injury so caused. *Adams* v. *Acme White Lead, etc., Works* (1914), 182 Mich. 157, 148 N. W. 485, L. R. A. 1916A 283, and note 290, Ann. Cas. 1916B 689; *Glasgow Coal Co.* v. *Welsh* (1916), Ann. Cas. 1916E 161; 1 Bradbury, Workmen's Compensation (2d ed.) 349, 350, 363, 371; 1 Honnold, Workmen's Compensation §97; C. J., Workmen's Compensation Acts (1917) 64-67; *Hurle's Case* (1914), 217 Mass. 223, 104 N. E. 336, L. R. A. 1916A 279, Ann. Cas. 1915C 919; *Larke* v. *John Hancock, etc., Ins. Co.* (1916), 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E 584; *McPhee's Case* (1915), 222 Mass. 1, 109 N. E. 633; *Bayne* v. *Riverside Storage, etc., Co.* (1914), 181 Mich. 378, 148 N. W. 412; *Rist* v. *Larkin* (1916), 156 N. Y. Supp. 875; *Sheeran* v. *Clayton & Co.*, 3 B. W. C. C. 583; *Kelly* v. *Auchenlea Coal Co.*, 4 B. W. C. C. 417; *Alloa Coal Co.* v. *Drylie*, 6 B. W. C. C. 398; *Brown* v. *Watson*, 7 B. W. C. C. 259; *Barbeary* v. *Chugg*, 8 B. W. C. C. 37.

In the instant case it is clearly apparent that appellee contracted the disease which caused the disability for which he seeks compensation as the direct result of an unusual circumstance connected with his employment. His duties required him to keep the basement room clean, but this did not ordinarily require him to flush hot, steaming pulp into the sewer with hot water from the exhaust of the engine. It is evident that this was

only required when the iron pipe through which such pulp was conducted broke and allowed it to escape to the floor. Hence the Industrial Board may have very properly found that the breaking of the pipe created an unusual condition under which appellee was required to work at the time in question, resulting in enforced exposure. In such event, any disease, of which such exposure is shown to have been the cause, may properly be said, under the rule stated, to constitute a personal injury by accident, and to come within the provisions of the Workmen's Compensation Act of this state.

Appellant further contends that, even if the court should find that appellee is suffering from a personal injury by accident, still he would not be entitled to an award of compensation therefor, as the evidence fails to show that such injury arose both out of and in the course of his employment. The statute makes these two features essential to such an award, and this contention calls for our consideration. It may be

2. well to observe that the courts are practically unanimous in holding that the words "by accident arising out of and in the course of the employment," as used in workmen's compensation acts, should be given a broad and liberal construction in order that the humane purpose of their enactment may be realized. *Holland, etc., Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330, and the authorities there cited. Their meaning, when so used, has been frequently considered in various jurisdictions having such acts, and it is generally accepted that an injury is received in the course of the employment, when it comes while the workman is performing the duty for which he is employed, and that it arises out of the employment, when there is apparent to the rational mind, upon a consideration of all the circumstances, a causal con-

nection between the conditions under which the work was required to be performed and the resulting injury. *McNicol's Case* (1913), 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A 306; *Ohio Bldg. Vault Co.* v. *Industrial Board* (1917), 277 Ill. 96, 115 N. E. 149; *Mann* v. *Glastonbury Knitting Co.* (1916), 90 Conn. 116, 96 Atl. 368, L. R. A. 1916D 86; C. J., Workmen's Compensation Acts (1917) 72; *Rayner* v. *Sligh Furniture Co.* (1914), 180 Mich. 168, 146 N. W. 665, L. R. A. 1916A 22, and annotation on pages 40 and 232, Ann. Cas. 1916A 386; *Archibald* v. *Compensation Commissioner* (1916), 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D 1013; *Larke* v. *John Hancock, etc., Ins. Co. supra; Kunze* v. *Detroit Shade Tree Co.* (1916), 192 Mich. 435, 158 N. W. 851, L. R. A. 1917A 252; *Matter of Heitz* v. *Ruppert* (1916), 218 N. Y. 148, 112 N. E. 750, (N. Y.) L. R. A. 1917A 244; *Holland, etc., Sugar Co.* v. *Shraluka, supra,* and authorities there cited.

We have held that the evidence was sufficient to warrant the board in finding that appellee was suffering from an injury by accident, and from a consideration of the rule above stated and the authorities cited it is quite apparent that there was evidence to warrant the further finding that such injury arose out of and in the course of his employment. There was evidence which tended to show that the accident which caused the injury was the overheating described, and that it occurred while appellee was performing the duty required of him in the basement room, in flushing the hot, steaming pulp into the sewer. Under such circumstances it is clear that the injury was received in the course of his employment. There was also evidence which tended to show that the enforced exposure in the basement room under the unusual conditions first caused appellee to become overheated; that while thus overheated he came into contact with the open air which

caused him to chill for several days, and that as a final result of such overheating the disease of acute nephritis developed, causing the disability for which he claims compensation. Such evidence furnished a sufficient basis for finding a causal connection between the conditions under which the work was required to be performed, and the resulting injury. In such event the board was warranted in finding that appellee's injury arose out of his employment.

But appellant contends that the evidence shows that appellee's disease was the result of a chill, brought on by voluntary exposure, while on his way home, after his employment had ceased, and that therefore he is not entitled to compensation. This contention cannot be sustained. It is well settled that where the primary injury arises out of the employment, every consequence which flows from it likewise arises out of the employment. *Larke* v. *John Hancock, etc., Ins. Co., supra; In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324; *McNicol's Case, supra; Burn's Case* (1914), 218 Mass. 8, 105 N. E. 601, Ann. Cas. 1916 A 787; *McPhee's Case, supra; Reithel's Case* (1915), 222 Mass. 163, 109 N. E. 951, L. R. A. 1916A 304; *Qunze* v. *Detroit Shade Tree Co., supra; Coronado Beach Co.* v. *Pillsbury* (1916), 172 Cal. 682, 158 Pac. 212, L. R. A. 1916F 1164; *City of Milwaukee* v. *Industrial Commission* (1915), 160 Wis. 238, 151 N. W. 247. In the instant case the evidence tends to show that the primary injury was the overheating; that it was caused by an enforced exposure connected with the employment; that the subsequent chill and the resultant disease flowed directly from it; and hence, under the rule just stated, the board would have been warranted in finding that the ultimate injury, manifesting itself in such disease, arose out of the employment. The claim that appellee brought on the chill by

voluntary exposure is without merit. If such fact were conceded, it could not defeat appellee's right to compensation, even if it could be said that such exposure was an act of negligence which contributed to his injury. Mere negligence is not a ground of defense to a claim for compensation under the act in question, and there is no suggestion of wilfulness in appellee's conduct. The fact that appellee did not chill until he had ceased work and left appellant's premises is of no consequence under the attendant facts, since it is apparent that the chill was primarily caused from a condition of appellee's body, created by the enforced exposure in the performance of the duties required of him on appellant's premises under his employment.

Appellant also bases error on the admission of certain evidence. In doing this, it seeks to apply the strict rules in that regard, adopted and enforced in 5. courts of law. This should not be done. The Industrial Board is not a court, but an administrative body, and should not be held to the same strict rules with respect to the admission of evidence. The general rule seems to be that the admission of incompetent evidence by such boards will not operate to reverse an award, if there be any basis in the competent evidence to support it. *First Nat. Bank* v. *Industrial Commission* (1915), 161 Wis. 526, 154 N. W. 847; *Fitzgerald* v. *Lozier Motor Co.* (1915), 187 Mich. 660, 154 N. W. 67; *Pigeon's Case* (1913), 216 Mass. 51, 102 N. E. 932, Ann. Cas. 1915A 737; *Reck* v. *Whittlesberger* (1914), 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C 771; C. J., Workmen's Compensation Acts (1917) 124. This rule is in accord with the spirit of our statute with reference to the powers and duties of the Industrial Board, and its application in the instant case would render any such alleged error harmless.

A further question has been raised as to the suffi-

ciency of the evidence to sustain the award. The rule in this regard is that if there be competent or

**6.** legal evidence to support the decision of the board, it is not within the province of this court to pass upon its weight or sufficiency. *In re Meyers* (1917), 64 Ind. App. 602, 116 N. E. 314; *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103, Id., *ante* 339, 116 N. E. 1; *Interstate Iron, etc., Co.* v. *Szot* (1916), 64 Ind. App. 173, 115 N. E. 599; *Chicago Dry Kiln Co.* v. *Industrial Board* (1917), 276 Ill. 556, 114 N. E. 1009; *Savage's Case* (1915), 222 Mass. 205, 110 N. E. 283.

An examination of the record in this case discloses that there is competent evidence tending to establish every material fact necessary to sustain the award, which is all that is required under the rule stated. Finding no available error in the record, the award is affirmed.

NOTE.—Reported in 117 N. E. 276. Workmen's Compensation Act: (a) compensation for injuries arising out of and in the course of the employment within the meaning of act, L. R. A. 1916A 40, 232, 1917D 114, 1918F 896, Ann. Cas. 1913C 4, 1914B 498, 1918B 768; (b) what constitutes an "accident" or personal injury under the act, L. R. A. 1916A 29, 227, 1917D 103, Ann. Cas. 1915C 921, 1918B 362; (c) disease as an accident, 2 Ann. Cas. 140, 15 Ann. Cas. 886, Ann. Cas. 1918B 309; (d) negligence precluding recovery, Ann. Cas. 1913C 17; (e) review of facts on appeal, see note *ante* 347.