Root Dry Goods Company *v.* Gibson et al.

[No. 10,493.  Filed April 25, 1919.  Rehearing denied June 27, 1919.]

Master and Servant.—*Workmen's Compensation Act.—Award.— Review by Full Board.—Award by Majority.—Validity.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), providing that where an award is made by fewer than all the members of the Industrial Board, the party dissatisfied may, by making application within seven days, have a hearing "before the full board," and that an "award of the full board shall be conclusive and binding as to all questions of fact, but that either party to the dispute may within thirty days from the date of the award appeal to the Appellate Court for errors of law," where an award of compensation was made by one member of the board

and the employer obtained a hearing by the full board, an award after such hearing made and signed by only a majority of the board is valid and binding.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by H. Claire Gibson and others against the Root Dry Goods Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Charles S. Batt, Walter S. Damer* and *Paul G. Henderson,* for appellant.

*Miller & Kelley* and *F. S. Hamilton,* for appellees.

REMY, J.—The findings of the Industrial Board which are material in determining the questions presented in this appeal are: That on February 15, 1918, appellant company was, and prior thereto had been, engaged in the conduct of a department store; that one Samuel H. Gibson was in the employment of appellant as a salesman, his work consisting chiefly in selling pianos and other musical instruments outside of the store, his only compensation being a specified commission on sales made by him, which commissions during the time of his employment averaged $18.53 per week; that under his employment he was subject to the direction of appellant, and was required, when requested so to do, to work inside the store; that on February 15, 1918, he was directed by appellant to take charge of the music department while the representative in charge of that department went to lunch, and by that representative was directed to remain in the store during the afternoon of that day; that, while in the store in compliance with such directions, a call came from another

department to lower an elevator, which at times had been used by employes for the moving of merchandise from one floor of the store to another; that, in response to the call, Gibson reached in to the controller of the elevator, started it, and in doing so was accidently caught by the elevator as it was descending, and was killed. It is further found by the board that the death of said Gibson was not due to intentional self-inflicted injury, and was not due to his use of intoxicants, to wilful misconduct, nor to his refusal to use safety appliances. On this finding the board awarded his dependents, the appellees herein, compensation for 300 weeks, at the rate of $10.19 per week, and ordered that appellant pay burial expenses, not exceeding $100.

Under proper assignments of error, appellant urges: (1) The insufficiency of the evidence to sustain the finding of the Industrial Board; and (2) that the award of the board is not valid, because made by but two members thereof.

Keeping in mind the rules of law governing this court in passing upon the evidence in cases of this character (*Haskell, etc., Car Co.* v. *Brown* [1918], 67 Ind. App. 178, 117 N. E. 555), we have carefully examined the evidence, and find that there is some competent evidence to support each ultimate fact upon which the award is based.

Section 59 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, as amended by the act of 1917 (Acts 1917 p. 154, §8020q2 Burns' Supp. 1918), provides that the board, by any or all of its members, may hear and determine applications for compensation, and make awards. Section 60 of said act provides that, where an award is made

by fewer than all the members of the board, the party dissatisfied, if he make application within seven days, may have a hearing "before the full board." Section 61 of the act contains the provision that an "award of the full board shall be conclusive and binding as to all questions of fact, but that either party to the dispute may within thirty days from the date of the award appeal to the Appellate Court for errors of law." The record shows that in the case at bar the evidence was first heard, and the award made, by one of the three members of the Industrial Board; that upon application duly filed a later hearing was held before the full board, resulting in the finding and award from which this appeal is taken, which finding and award is signed by but two members of the board. It is the contention of appellant that the statute does not authorize a finding and award except by the full board, and that an award made and signed by only a majority of the board has no binding force. In this appellant is in error. The statute does provide that the hearing shall be before the full board, and the record shows that the hearing was so held. The statute does not provide that all members of the board must concur in a finding and award. If a hearing is before the full board, an award made and concurred in by a majority thereof is valid.

There is no reversible error. Judgment affirmed.