ALEXANDER BOX COMPANY *v.* CUTSHALL.

[No. 10,735.   Filed May 12, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Appeal. —Assignment of Error,*—The assignment as error in an appeal in a proceeding under the Workmen's Compensation Act, that the award was contrary to law, presents the question of the sufficiency of the evidence under §8020s2 Burns' Supp. 1918, Acts 1917 p. 154.   p. 288.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Appeal. —Evidence.—Review.*—On appeal from an award under the Workmen's Compensation Act, the Appellate Court does not weigh the evidence.   p. 288.

From the Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Serelda Cutshall against the Alexander Box Company. From an award of compensation, the latter appeals. *Affirmed.*

*Everett W. Trook* and *Elmer E. Stevenson,* for appellant.

*Hottel & Patrick* and *Schmollinger & Willis,* for appellee.

NICHOLS, C. J.—Appellee claims that her decedent, who was her husband, was an employe of appellant,

working in its factory as a cooper, and that while so working he lacerated the back of his right hand on a nail that was in a barrel which he was repairing, from which injury death resulted in eight days. His only dependent was his wife, appellee.

There was a finding in favor of appellee that the injury which resulted in death was caused by accident arising out of and in the course of decedent's employment, and an award followed giving appellee compensation for 300 weeks at the rate of $8.25 per week, beginning August 14, 1918, ordering appellant to pay burial expenses not to exceed $100, attorney's fees of $162, and costs.

On appeal, appellant assigns as error that the award was contrary to law, and that the finding and award is not supported by sufficient evidence. The question presented by the second assignment of error is presented by the first assignment. §8020s2 Burns' Supp. 1918, Acts 1917 p. 154.

We have examined the evidence as set out in the briefs. There is some contradiction therein, but this court does not weigh the evidence. *Columbia School Supply Co.* v. *Lewis* (1917), 65 Ind. App. 339, 116 N. E. 1. The evidence together with the reasonable inferences therefrom, fully sustains the finding. On the authority of *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *Columbia School Supply Co.* v. *Lewis, supra; Root Dry Goods Co.* v. *Gibson* (1919), 71 Ind. App. 77, 123 N. E. 134; *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 121 N. E. 677; and *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. ——, 126 N. E. 703, the award is affirmed, and under the statute five per cent. is added thereto.