## INLAND STEEL CO. *v.* PIGO.

[No. 14,617.   Filed July 26, 1932.]

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis,* for appellant.

*Louis C. Holland* and *W. O. Thomas,* of counsel, for appellee.

WOOD, C. J.—The appellee, as the surviving widow and dependent of one John Pigo, filed her claim for adjustment of compensation with the Industrial Board on account of the death of her husband, as a proximate result of personal injuries received by him, by reason of an accident arising out of and in the course of his employment by the appellant.

Upon a hearing before the full Industrial Board an award of compensation was made from which appellant appeals, assigning as error that the award of the full Industrial Board is contrary to law.

Appellant urges upon the court for its consideration two reasons why the award of the full Industrial Board should be reversed; namely: that there was not a scintilla of evidence to support the finding and award, and that the Industrial Board improperly admitted in evidence and considered hearsay testimony without which the award cannot be sustained. We will dispose of the reasons thus presented in their inverse order.

The Industrial Board, created by the Acts of 1915, p. 392, and all acts since enacted supplemental or amendatory thereof, is an administrative body, invested with the duty, as expressed in the act, of carrying out its purposes in as simple and summary manner as reasonably may be. Therefore, in support of the evident intent of the legislature in passing the act, this court has held that the Industrial Board is not a court, and that the strict rules enforced in courts of law, respecting the admission of evidence, do not apply to such board. "The general rule seems to be that the admission of incompetent evidence by such board will not operate to reverse an award, if there be any basis in the competent evidence to support it." The admission of incompetent evidence under such circumstances would be a harmless error. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276, and authorities there cited.

We have made a thorough examination of the record, and find that there is competent evidence, sufficient to establish every material fact necessary to sustain the award of the full Industrial Board. The finding of the board upon controverted questions of fact is binding upon this court. We cannot weigh

the evidence. *Hill* v. *Starco Coal Co.* (1928), 88 Ind. App. 24, 163 N. E. 118; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *United Paperboard Co.* v. *Lewis, supra.*

The award is affirmed and as required by statute is increased five per cent.