HOLLIDAY ET AL. *v.* NATIONAL MALLEABLE AND STEEL CASTING COMPANY.

[No. 14,761. Filed December 13, 1932.]

*Wilbur H. Grant* and *W. S. Henry,* for appellants.

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellee.

BRIDWELL, J.—This appeal is from an award of the Industrial Board denying compensation to the appellants, the widow and children of one Joseph Holliday, deceased, who, as dependents of the deceased, filed with such board their application for adjustment of their claim for compensation because of the death of the decedent, alleged to have been caused by reason of an accident arising out of and in the course of his employment by appellee.

The full Industrial Board, upon review, made its finding to the effect that the deceased employee, Joseph Holliday, died on the 4th day of May, 1930, but that his death was not the result of any injury received by him while in the employment of defendant (appellee), and that the alleged injury and death were not the result of an accident arising out of and in the course of his employment by appellee. The award made is that plaintiffs (appellants) take nothing by their application and that they pay the costs.

The only question for decision is as to the sufficiency of the evidence to sustain the finding upon which the award is based. Appellants contend that there is no competent evidence to support the finding.

They further assert that the Industrial Board erroneously admitted evidence disclosed and ascertained by an autopsy held on the body of the deceased employe, when no notice of the holding of such autopsy was served on the widow. There is much evidence in

the record on the disputed fact as to whether notice, as provided for by section 27 of the compensation act, was served, but the decision of this point is not necessary to a determination of this cause, as it is well settled that the admission of incompetent evidence is not reversible error if the award made is sustained by competent evidence. *Inland Steel Co.* v. *Pigo* (1932), 94 Ind. App. 659, 182 N. E. 279; *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276, 279.

In the application of appellants, in describing the accident and cause of the claimed injury, it is stated that the deceased "stepped backwards into a sand hole while carrying a heavy mold and sprained his leg." The personal physician of the decedent testified that when the deceased came to him for treatment on April 12, 1930, following the alleged accident on April 9, that decedent told him he was carrying a flask and stepped into a depression in the floor, and, in trying to balance himself, hurt his leg. Another witness for appellants testified that on or about April 9 he and the deceased were both working for appellee; that their places to work were about 30 or 40 feet apart; that he saw the deceased with a "mold" in his hand, and he "lurched forward" with it and "set it down heavily" and "came up" and "grabbed hold of his leg" and said something about hurting his leg; that deceased did not fall over when he set the mold down; that he did not notice any hole in the floor and that after this happened decedent never returned to the plant to work.

A witness called by the appellee testified that on the day the accident is claimed to have happened, being the last day decedent worked at the plant of appellee, he worked "right beside" the deceased; that he did not know of any accident to him; that he did not know of any occasion when he pitched forward a little bit

and set any mold he was carrying down hard; that he helped him set down every mold; that he did not know of his injuring himself at all. Other witnesses testified that there were no holes in the floor into which decedent might have stepped.

A witness, among whose duties was that of rendering first aid to employees at appellee's plant in case of injury, testified that she did not have any knowledge of any injury to the deceased; the labor foreman of the plant, and the foreman under whom decedent worked, each testified that no report of any accident was made to him on the day that the accident is alleged to have occurred.

From the evidence appearing in the record, and herein before recited, it is apparent that there is a conflict in the evidence concerning whether any accident occurred. The finding of the Industrial Board upon controverted questions of fact is binding upon this court. We cannot weigh the evidence and in the instant case there is sufficient evidence, the competency of which is not questioned, to sustain the finding made, and the award will not be disturbed on appeal. Award affirmed.