JOSEPH STONE vs. STREET COMMISSIONERS OF THE CITY OF
BOSTON.

Suffolk.    January 10, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Tax*, Assessments for benefits.    *Statute*, Repeal.    *Boston*.

The right to levy betterment assessments exists only by statute and the Legisla-
ture may at any time suspend or repeal the law authorizing such assessments,
either generally or in a particular case, except so far as obligations of contract
are involved.

St. 1900, c. 296, § 1, authorizing the street commissioners of the city of Boston
to lay out, widen and order the construction of the causeway and other parts of
the highway between Malden Bridge and the boundary line between the city
of Boston and the city of Everett, and providing that "no assessment shall
be made for such laying out and construction," repealed by implication the law
relating to betterment assessments in relation to the particular improvement
authorized, and the repeal applies to relocation proceedings relating to the high-
way in question instituted before the passage of St. 1900, c. 296, including an
order purporting to make assessments under St. 1891, c. 323, § 14, as amended
by St. 1899, c. 433.

MORTON, J.  This is a petition for a writ of certiorari to quash
a betterment assessment made by the street commissioners of
Boston upon the petitioner and others for benefits accruing from
the relocation and construction of Alford Street in that part of
Boston which was formerly Charlestown.  The case was re-
served by a single justice for determination by the full court.

There is no dispute as to the facts, or as to the remedy if the
assessment is invalid.  By St. 1899, c. 280, the city engineer of
Boston was required to construct a bridge over Mystic River
at or near the site of Malden Bridge so called, and the street
commissioners were authorized to take in fee any lands which
they might deem necessary to enable the city to carry out the
act.  On August 21, 1899, the street commissioners passed an
order relocating Alford Street from the boundary line between
Boston and Everett so as to pass over the bridge thus author-
ized.  Subsequently the Legislature passed an act, St. 1900,
c. 296, authorizing the board of street commissioners of the
city of Boston to "lay out, widen and order the construction of
so much of the causeway and other parts of the highway between

Malden Bridge and the boundary line between said city and the city of Everett, and to such a width as the board may determine " and providing that the expenses should be paid from the loan authorized by St. 1899, c. 280, aforesaid, and that " no assessment shall be made for such laying out and construction." Substantially all of the work of constructing Alford Street was done after the passage of this act. On October 29, 1904, the street commissioners of the city of Boston, purporting to act under St. 1891, c. 323, § 14, as amended by St. 1899, c. 433, passed an order making the assessments in question. The petitioner contends that under the concluding clause of § 1 of St. 1900, c. 296, quoted above, the street commissioners had no authority to make the assessments. We are of opinion that the contention is right.

The right to levy and collect betterment assessments is wholly statutory in its nature and the Legislature may, at any time, for reasons which it deems satisfactory, suspend or repeal the law authorizing such assessments, except so far as contractual rights or obligations are involved. In the present case no contractual rights or obligations are involved. And we think it plain that the concluding clause of § 1 of St. 1900, c. 296, repealed by implication the law relating to betterment assessments so far as the particular improvement referred to in said act was concerned. It is immaterial that the repeal took place after the order for relocating the street had been adopted by the street commissioners and that the order for relocation did not purport to be made under c. 296. The city and the street commissioners were the agents of the Commonwealth and were at all times during the proceedings subject to its direction. This was equally true whether the relocation proceedings took place under St. 1900, c. 296, or under St. 1891, c. 323, § 14, as amended by St. 1899, c. 433. The statute referred to in *Jones* v. *Aldermen of Boston*, 104 Mass. 461, relied on by the respondents, expressly provided that the repeal should " not affect any rights or liabilities which have already accrued under the section hereby repealed."

The result is that the writ is to issue as prayed for.

*So ordered.*

*F. M. Forbush*, for the petitioner.
*S. M. Child*, for the respondents.