## HOLDERMAN *v.* TOWN OF NORTH MANCHESTER.

[No. 7,295. Filed October 13, 1911.]

1. MUNICIPAL CORPORATIONS. — *Street Assessments.* — *Statutes.* — *Amendments.—Saving Clauses.*—Section four of the act of 1909 (Acts 1909 p. 412) providing that any aggrieved lot owner may appeal to the circuit court from his assessment, repeals that part of §8716 Burns 1908, Acts 1905 p. 219, §111, providing for the appointment by the court of appraisers to reassess the benefits; and as there is no saving clause to such act of 1909,

the court is powerless to proceed under such §8716 with a petition theretofore filed in accordance therewith. p. 493.

2.  MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Petition to Appoint Appraisers.*—*Appeal.*—The rights and remedies in street improvement proceedings are entirely statutory; and a petition, under §8716 Burns 1908, Acts 1905 p. 219, §111, for the court to appoint appraisers to reassess the benefits to petitioner's lot, does not constitute an appeal to the circuit court; and the court is without jurisdiction to hear judicially any matter connected with such assessment. p. 494.

3.  MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Conclusiveness of.*—*Appeal.*—No appeal lies from a street assessment made pursuant to §8716 Burns 1908, Acts 1905 p. 219, §111, providing that the boards of public works shall assess the abutting lots for the cost of street improvements, and that if the owner of any lot is aggrieved he may petition the circuit court for the appointment of appraisers, whose report shall be "final and conclusive." p. 494.

4.  APPEAL.—*Jurisdiction.*—*Dismissal.*—*Street Assessments.*—The Appellate Court has no jurisdiction of an appeal from an order of the circuit court in a street assessment proceeding, where the circuit court had none. p. 494.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Street improvement proceeding by the Town of North Manchester. From the assessment made, Esther Holderman appeals. *Appeal dismissed.*

*Lesh & Lesh* and *C. M. Holderman*, for appellant.

*Sayre & Hunter*, for appellee.

FELT, P. J.—Appellant is the owner of lot one, in the town of North Manchester, which was assessed for street improvements in the sum of $1,535. Being aggrieved on account of the assessment, she petitioned the judge of the Wabash Circuit Court to appoint three disinterested freeholders to reassess the benefits to said lot. On February 15, 1909, the court appointed such appraisers, who duly qualified, and on April 19, 1909, filed their verified report, showing that they were unable to agree on the benefits to the property, and thereupon the court discharged them. On May 1, 1909, appellant, in writing, requested the court to grant a trial in said court, without a jury, to ascertain the benefits to said

real estate, which request was denied by the court, and thereafter appellant filed her written motion for the appointment of new appraisers, which motion was overruled by the court. Appellant excepted to the action of the court in refusing to try the case, or to appoint new appraisers, and from the judgment against her for costs, prayed, and was granted, an appeal to this court.

The errors assigned question the action of the court in overruling the motion and request for a trial, and in overruling the petition for the appointment of new appraisers.

The proceedings for the improvement of the street were maintained under §111 of the act of 1905 (Acts 1905 p. 219, §8716 Burns 1908). During the pendency of the proceedings, said section was amended by the act of March 8, 1909 (Acts 1909 p. 412, §4), to which an emergency clause was attached. The amending act contains no saving clause, as to pending assessments or litigation, and therefore took away all power to proceed further under the provisions so repealed. *Taylor* v. *Strayer* (1906), 167 Ind. 23, 119 Am. St. 469; *Zintsmaster* v. *Aiken* (1909), 173 Ind. 269. The section before amendment provided for the appointment of appraisers by the court, when petitioned to do so, to assess the benefits, and the section as amended provides for an appeal from the assessment made by the town board to the circuit court, and a trial of the case by the court without a jury, "as other civil cases." The section, both before and after amendment, provides that the petition seeking to modify the assessment must be filed within ten days after the final order of the board approving the assessment, and that when the assessment roll is completed and delivered, as therein provided, "the decision of such board as to all such benefits shall be final and conclusive," and then follows the foregoing provision for reviewing the assessment, formerly by appraisers, after the amendment, by trial in the circuit court.

It is clear that the court did not err in refusing to ap-

point new appraisers, for when the request was made, there was no law in force authorizing such appointment.

Statutory proceedings for the improvement of streets and for the assessment of the cost thereof are special in character, and no right of appeal can be asserted thereunder, except that expressly provided by the special statute itself. The application for a reassessment of benefits was not an appeal to the circuit court, and the court acquired no jurisdiction by reason thereof, and could exercise no judicial power in the proceedings, but acted only in a ministerial capacity—except as to costs—from which no right of appeal to this court arises. As the circuit court had no jurisdiction to exercise judicial power, there could be no further remedy under either the old or the amended statute, as is the case where jurisdiction exists, and the amendment to the statute only modifies the proceedings, and provides a substantially similar remedy. *Mayne* v. *Board, etc.* (1890), 123 Ind. 132; *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542.

It has been decided that there is no appeal under this provision of the statute, that the action of the appraisers is final and conclusive, and that the court has no judicial power in such proceeding. *City of Huntington* v. *Brown* (1911), 175 Ind. 709; *City of Indianapolis* v. *State, ex rel.* (1909), 172 Ind. 472; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510; *City of Seymour* v. *Jordan* (1909), 173 Ind. 717; *City of Crawfordsville* v. *Brown* (1910), 45 Ind. App. 592.

When the amending act of 1909, *supra*, took effect, no proceeding was pending before the circuit court for the reassessment of benefits to appellant's lot.

Furthermore, this court has no jurisdiction of the subject-matter, and no appeal is authorized.

On the authority of the cases last cited, this appeal is dismissed.