# NELSON, TRUSTEE, v. DUNN ET AL.

[No. 8822. Filed February 6, 1914. Rehearing denied April 24, 1914. Transfer denied July 2, 1914.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Statutes.*— The cities and towns act of 1905 (Acts 1905 p. 219) was designed to overcome the burden upon property owners resulting from the exemption of the city from payment of any portion of the cost of certain improvements, and to clarify certain uncertainties in the act of 1901, which are specifically overcome by §§119, 120 of the act of 1905. p. 648.

2. MUNICIPAL CORPORATIONS. — *Public Improvements. — Assessments.—Statutes.*—The fact that a sewer improvement was commenced pursuant to the act of 1901 did not prevent the making of the assessments under the act of 1905, thereafter adopted, since the repealing clause of the latter act contemplated that only proceedings under any pending litigation should not be affected by the act, and is not in conflict with §43 expressly authorizing the completion under the new act of work commenced or undertaken under the old act. pp. 648, 649.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments.* —The adoption of a declaratory resolution and letting of a contract for a public improvement is the exercise of a ministerial power, and the levying of assessments for the cost of the work is the exercise of a *quasi*-judicial function, which though dependent upon the preliminary administrative acts, is separate and distinct therefrom. p. 649.

From Cass Circuit Court; *James P. Wason*, Special Judge.

Action by John C. Nelson, as trustee for Dennis Uhl,

against Herbert A. Dunn and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*McConnell, Jenkines, Jenkines & Stuart* and *Rabb & Mahoney,* for appellant.

*Long, Yarlott & Souder,* for appellees.

Ibach, J.—Appellant, trustee for Dennis Uhl, brought this action against appellees to enforce the collection of a certain sewer assessment lien against their property in the city of Logansport. The declaratory resolution was adopted and the contract for the construction of the sewer was let under the provisions of the act of 1901. Acts 1901 p. 534, §§3623a-3623h Burns 1901. Immediately thereafter the Cities and Towns Act of 1905 became in force, the work was accepted and approved and the assessments levied against the property benefited thereby were made by the board of public works as provided for by the act of 1905, and not by the city commissioners and common council as was required by the act of 1901. Such assessments were not spread against the several parcels of land benefited, however, until after the board of public works was mandated so to do in a suit brought in the name of the State on the relation of Dennis Uhl against the board and the city of Logansport. And in accordance with such mandate, the property of Edward A. Dunn was assessed in the sum of $1,430.25. The subsequent proceedings provided for by the act of 1905 were pursued by the board of public works, so that in due time, after notice and hearing, the preliminary assessment made against the property of Dunn was confirmed. He then appealed from such assessment and succeeded thereby in reducing his assessment to $958.22. This final judgment and decree of the Cass Circuit Court was never appealed from and is unpaid. In October, 1908, Edward A. Dunn died, and by the terms of his will the property here involved was devised to appellee Herbert A. Dunn, and appellee Maud Dunn is the wife of said Her-

bert A. There are other averments to the effect that appellees' property was benefited by the improvement to the full amount of the assessment, and during all the time the work was being performed Edward A. Dunn lived in Logansport, saw the work being done and the contractor expending large sums of money in the performance of his contract, and never objected to the work proceeding, or to his property being improved thereby, or to the work being accepted and approved when the sewer was completed.

Appellees' answer does not deny any of the material averments of the complaint, but it is averred therein that the law of 1901 should have been followed in spreading the assessment against benefited property and not the act of 1905, as was done. The action of the trial court in overruling appellant's demurrer to the answer is the only error assigned.

The contention of appellee Herbert A. Dunn is that the assessment levied against his property by the board of public works of the city of Logansport was without authority of law and constituted no lien against his property, that as the construction of the sewer ws begun under the act of 1901, the saving clause of §272 of the act of 1905 (Acts 1905 p. 219, §272, §9016 Burns 1914) reserved to the city commissioners and common council alone the power to accept the work and levy the assessments against the benefited property for its cost. This section of the act of 1905 upon which appellant relies is as follows: "All former laws within the purview of this act except laws not inconsistent herewith and enacted at the present session of the general assembly, are hereby repealed; but this repeal shall not affect any right acquired, franchise granted, or contract entered into under such former law, nor shall it affect any pending litigation or proceedings thereunder, but the same shall be concluded and judgment rendered and enforced as if this act had never been passed."

The reason for passing the Cities and Towns Act of 1905

is well understood, and it is sufficient to say that it was to correct certain evils which arose under the old law,

1. particularly in the matter of unjust assessment, for under the old law the city was relieved from the payment of any portion of the cost of sewer if the benefits to the abutting property were sufficient to meet improvements, no matter how beneficial such improvement might be to the city and the entire cost was required to be paid by the property owner and was charged against his property. Not only was such wrong intended to be overcome by this new act of 1905, but it was intended as well to clarify some uncertainties which existed in the act of 1901, which uncertainties were specifically overcome by §§119 and 120 of the act of 1905. Acts 1905 p. 219.

We do not believe that because the contract was let under the former act of 1901, the assessment might not be made by the board of public works under the later

2. act of 1905, and we believe that when the legislature said "this repeal shall not affect pending litigation or proceeding thereunder," it meant that any proceeding under any pending litigation should not be affected by the later act, for it is further provided in §43 of the act of 1905 "In case any city,  *   *   *   under the terms of this act, shall have commenced any proceedings or undertakings of a public nature which shall have been lawfully commenced or undertaken, the same shall not be interrupted by the passage of this act, but shall be taken up and carried forward by the proper officer or department as prescribed in this act." Acts 1905 p. 219, §43, §8644 Burns 1908. These two sections of the act are not in conflict, nor are they antagonistic to each other and when they are read with all the other sections of the act, and when considered in the light of the purposes intended to be accomplished by the law, we believe we have placed upon the section relied upon by appellee the construction which was intended by the legislature.

Again, we are of the opinion that when the common council of the city of Logansport passed the declaratory resolution and let the contract above referred to, it acted only in a ministerial capacity and its action in such ministerial capacity ended when the preliminary steps were concluded, but when it became necessary to assess the property and collect the pay for the work, the functions to be performed in so doing were of a *quasi*-judicial character, as is manifest by a consideration of the provisions of the law relating to the manner in which the assessment can only be made, and these later judicial proceedings, although dependent upon the preliminary administrative acts of the common council, are separate and distinct proceedings from such administrative acts. *Brownell Improv. Co.* v. *Nixon* (1911), 48 Ind. App. 195, 206, 92 N. E. 693, 95 N. E. 585, and cases there cited. 23 Am. and Eng. Ency. Law (2d ed.) 155, and cases cited. The saving clause in question could have no application to the assessment made by the board of public works, for such action is fully authorized and provided for by §43 of the act of 1905, *supra*. The fourth paragraph of appellees' answer is insufficient, and the court erred in refusing to sustain the demurrer thereto.

Appellant has also argued that, even if the court should hold that the act of 1901 should apply, appellees are estopped from setting up that fact, for the reason that their predecessor in interest, voluntarily took part in the proceedings under the act of 1905, and appealed from the assessment of the board of public works. As we have decided that the act of 1905 applied, the question of estoppel becomes nugatory.

Judgment reversed, with directions to sustain the demurrer to appellees' fourth paragraph of answer.

Lairy, C. J., not participating.

Note.—Reported in 104 N. E. 45. As to rule that assessments must be limited to benefits received, see 68 Am. St. 716; see, also, under (1) 28 Cyc. 1105; (2) 28 Cyc. 1106.