INTERSTATE IRON AND STEEL COMPANY *v.* SZOT ET AL.

[No. 9,660.   Filed March 30, 1917.]

1.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Scope of Review.*—Under §61 of the Workmen's Compensation Act (Acts 1915 p. 392) the jurisdiction of the Appellate Court in appeals from proceedings before the Industrial Board is confined to a review of questions involving errors of law, so that the board's finding on questions of fact is conclusive where there is some evidence to sustain it, the Appellate Court being authorized to set aside such a finding only when it is entirely unsupported by the evidence in some respect essential to sustain the award.   p. 174.

2.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Average Weekly Wage.—When Question of Law.*—Under the Workmen's Compensation Act the question of the average weekly wage is ordinarily one of fact, but it becomes or involves a question of law when, the facts being ascertained, recourse must be had to principles of law or to the interpretation of a statute to determine it.   p. 175.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Average Weekly Wage.—Question of Fact.*—Where, in an action for an award under the Workmen's Compensation Act (Acts 1915 p. 392), the evidence that the injured employe worked intermittently in positions paying different rates of wages, the determination of the employe's average weekly wage was purely a question of fact for the Industrial Board and its finding thereon was conclusive.  p. 176.

From the Industrial Board of Indiana.

Action by Katarzana Szot and others under the Workmen's Compensation Act against the Interstate Iron and Steel Company.  From an award, the defendant appeals.  *Affirmed.*

*Fred Barnett,* for appellant.

CALDWELL, J.—Lawrence Szot, while in appellant's employ, suffered certain physical injuries September 17, 1915, from which in a few days he died, leaving as dependents appellee, his widow, and certain children. The circumstances under which such injuries were inflicted were such as to entitle decedent's dependents to compensation under the Workmen's Compensation Act (Acts 1915 p. 392.)   A hearing before the Industrial Board resulted in an award based on an average weekly wage of $18.

The only question involved in this appeal is whether the board found such average weekly wage higher than the facts warranted.  In appeals from proceedings had before an industrial board, the jurisdiction of this court is confined to a review of questions which may involve an error of law. §61, *supra.*  The board's finding of fact in any case comes to us on appeal as fully accredited as the verdict of a jury or the finding of a court in an appeal in an ordinary civil action.  This court is authorized to set aside such a finding only when entirely unsupported by the evidence in some respect essential to sustain the

award. *Pigeon's Case* (1913), 216 Mass. 51, 102 N. E. 932, Ann. Cas. 1915 A 737; *McPhee's Case* (1915), 222 Mass. 1, 109 N. E. 633; *Savage's Case* (1915), 222 Mass. 205, 110 N. E. 283.

It follows that a finding deduced from conflicting evidence, if there is evidence to support it in its material features, cannot be disturbed on appeal. *Jackson* v. *Erie R. Co.* (1914), 86 N. J. Law 550, 91 Atl. 1035.

The nature of the question of average weekly wage is inherently such as ordinarily would be one of fact.

It becomes or involves a question of law when, 2. the facts being ascertained, recourse must be had to principles of law or to the interpretation of a statute to determine it. Subdivision (c) of §76 of the act, *supra,* defines the term "average weekly wages" and outlines the method by which such average shall be determined in any case, the part applicable here being as follows: "'Average weekly wages' shall mean the earnings of the injured employe in the employment in which he was working at the time of the injury during a period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two; but if the injured employe lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employe earned wages shall be followed provided results just and fair to both parties will thereby be obtained."

The evidence bearing on the amount of the award was to the following effect: Szot commenced work June

29, and was injured September 7. For about the first two weeks he was classed as a day laborer and thereafter as a fireman. He continued, however, to work at day labor occasionally, when the furnaces were not being operated. During the period from June 29 to September 7, the mills worked but intermittently. They were idle a portion of nearly every week, and at times for an entire week. Szot worked substantially all the time when the mills were running. When working at day labor he was paid twenty cents per hour. As a fireman, his wages averaged three dollars per day. Within the period of his employment he was paid $97.15. He was working as a fireman when he received his injuries. Under the not entirely satisfactory state of the evidence, it is our judgment that the determining of Szot's average weekly wages in the employment at which he was working at the time of his injury was a question of fact for the board. We cannot say from the record that any error of law entered into such determination. It results that the award must be affirmed. Award affirmed.

NOTE.—Reported in 115 N. E. 599. Workmen's Compensation Act: meaning and effect of term "average weekly wage," L. R. A. 1916A 149; review of facts on appeal under the act, Ann. Cas. 1916B 475.