KINGAN AND COMPANY, LIMITED, *v.* OSSAM.

[No. 10,270. Filed December 17, 1918. Rehearing denied March 6, 1919. Petition to transfer dismissed May 17, 1921.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Awarded by Full Board.—Review.*—Under §60 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020 *et seq.* Burns' Supp. 1918), providing, as originally enacted, that, if an application for review is made to the Industrial Board within seven days of an award, the full board, if the first hearing was not had before it, shall review the evidence, etc., a party to an original award was entitled to a review therof, where the first hearing was not before the full board, regardless of the fact that all the members joined in making such award, and, though such section was so amended by the act of 1917 (Acts 1917 p. 154) as to preclude a review of an award by the full board, although the hearing may have been held before less than all the members, such amendatory act did not deprive the board of jurisdiction to grant a rehearing of an award by the full board after a hearing by part of the members, where the first hearing was had before the amendment and the application for review was pending at the time thereof. (*Kingan & Co., Lt'd* v. *Buford* [1917], 65 Ind. App. 182, and *Kokomo Steel, etc., Co.* v. *Griswold* [1917], 67 Ind. App. 45, distinguished.) pp. 552, 554.

Kingan & Co., Ltd. *v.* Ossam—75 Ind. App. 548.

2. STATUTES.—*Repeal.*—*Effect.*—Where a right or remedy which did not exist at common law is founded on a statute, the unqualified repeal of the statute before the right has become vested, or the remedy perfected, abrogates the right and deprives the court of all jurisdiction to administer the remedy. p. 554.

3. STATUTES.—*Repeal.*—*Effect.*—*Pending Proceedings.*—When jurisdiction over a subject-matter or special proceeding depends upon an act of the legislature, if the act be repealed before the proceeding is concluded, the jurisdiction terminates. p. 554.

4. STATUTES.—*Operation.*—*Substitution of Remedies.*—*Jurisdiction.*—Where new legislation does not impair or take away a previously existing statutory right, nor deny a remedy for its enforcement, but merely modifies the proceedings while providing a substantially similar remedy, the jurisdiction of the court continues under the forms directed by the later act in so far as the two acts are different. p. 554.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Amendment.*—*Retroactive Effect.*—Since nothing appears in the act of 1917 (Acts 1917 p. 154), amending the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), which imperatively requires the conclusion that the legislature intended it to be retroactive, it should not be so construed. p. 554.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Contradictory Findings.*—*Construction.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), where the Industrial Board on its first hearing found that applicant's injury resulted in total disability for a certain period, and also found that the disability for which applicant claimed compensation "in this proceeding" did not result from his injury, the finding was contradictory, and the latter finding, being general, must yield to the former. p. 555.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Review.*—*Findings of Industrial Board.*—A finding by the Industrial Board in a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392 §80201 *et. seq.* Burns' Supp. 1918), in applicant's favor on the question of change of condition must be given the same effect as the verdict of a jury or the finding of a court in an ordinary civil action. p. 556.

8. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Award.*—*Sufficiency of Evidence.*—*Scope of Review.*—In determining the sufficiency of the evidence to sustain an award

of the Industrial Board, the court on appeal is limited to a consideration of the evidence most favorable to appellee. p. 557.

9. MASTER AND SERVANT.—*Workmen's Compensation Act.— "Personal Injury".*—A "personal injury," as the term is used in the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), has reference not merely to some break in some part of the body, or some wound, but also the consequence or disability resulting therefrom, such as mental ailments or nervous conditions. p. 557.

10. MASTER AND SERVANT.—*Workmen's Compensation Act.— Personal Injury.—Scope of Liability.*—A mental attitude toward an original injury, volutarily assumed, cannot be said to be the result of the injury; and voluntarily and wilful practices, and the use of mental processes, by which mental and physical infirmities are developed into injurious conditions will defeat a claim for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918. p. 558.

11. MASTER AND SERVANT.—*Workmen's Compensation Act.— Findings of Fact.—Conclusiveness.—Conflicting Evidence.*— The court on appeal cannot weigh conflicting evidence to determine its preponderance, and finding by the Industrial Board based on such evidence is conclusive. p. 558.

12. EVIDENCE.—*Hypothetical Questions.—Assuming Facts Not Proved.—Competency of Opinion.*—That a hypothetical question propounded to an expert witness was based in part upon a fact not sustained by the evidence would not render the opinion of the witness incompetent, if there was proper evidence of the other facts on which the opinion rested, although it might affect its weight. p. 559.

13. MASTER AND SERVANT.—*Workmen's Compensation Act.— Admission of Incompetent Evidence.*—The admission of improper evidence by the Industrial Board in a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), will not operate to reverse its award, where there is any competent evidence to support it. p. 559.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Charles Ossam against Kingan and Company, Limited. From an award for applicant, the defendant appeals. *Affirmed.*

*Harold Taylor, Jacob S. White* and *Burrell Wright,* for appellant.

*Walker & Hollett,* for appellee.

BATMAN, P. J.—The record in this case discloses: That on November 14, 1916, appellee filed with the Industrial Board of Indiana an application for an adjustment of his claim against appellant for compensation on account of an injury, alleged to have been received by him on or about April 25, 1916, while in its employ; that the evidence with reference to said application was heard by less than the full board prior to January 15, 1917, on which date the members who heard the evidence made a general finding against appellee, and the full board made an order that he take nothing by his said application; that thereafter, on January 22, 1917, appellee filed his application to have said award reviewed by the full board; that the full board heard the evidence on said application for review, and on July 16, 1917, made the following finding and award:

"And the full Board having concluded the hearing of evidence and being duly advised in the premises finds that on the 24th day of April, 1916, plaintiff was in the employment of the defendant at an average weekly wage of $10.50; that on said date at 10:30 o'clock a.m. plaintiff received a personal injury by an accident arising out of and in the course of his employment, resulting in his total disability to work as a result of said injury, from the time of his injury, until and including the 16th day of May, 1916; that plaintiff's disability to work as a result of his said injury terminated with the 16th day of May 1916, and the plaintiff returned to work on the 17th day of May 1916; that the plaintiff's disability, as a result of said injury, did not recur, and the disability for which the plaintiff is claiming compensation in this proceeding, did not result from his

injury of April 24, 1916. It is therefore considered and ordered by the full Board that the plaintiff be and is hereby awarded, in full of his claim, compensation at the rate of $5.775 per week beginning at 10:30 A.M. May 8, 1916, and terminating with the close of May 16, 1916. It is further ordered that the defendant pay the costs of this proceeding." That thereafter, on October 17, 1917, appellee filed his application, under §45 of the Workmen's Compensation Act of 1915 (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), for a review of said last award on the ground of a change in condition; that the full board heard the evidence on said application, and on February 18, 1918, made a finding that appellee's disability for work, as a result of the injury producing the same, has recurred, and that as a result of said injury, appellee has been totally disabled for work continuously since October 4, 1917, and was then so disabled, and awarded him compensation at the rate of $5.775 per week for a period, beginning October 4, 1917, and continuing during the time of his total disability as a result of his injury, not exceeding an aggregate of 500 weeks. From this award appellant has appealed, and has assigned as error that the award of the Industrial Board is contrary to law.

Appellant contends that the original award, being an award by the full board, from which no appeal was taken, is final and conclusive between the parties, and hence the award on review of the original award, and the award on review for change in condition, are each void, as the board was without jurisdiction to hear and determine the issues tendered thereby. We cannot concur in this contention. Section 60 of the Workmen's Compensation Act of 1915 (Acts 1915 p. 392, supra) made the following provision for the review of an original award: "If an application for review is made to the board within seven days

from the date of the award, the full board, *if the first hearing was not held before the full board,* shall review the evidence," etc.    (Our italics.)    It thus clearly appears from the plain wording of this section, that a party to an original award was entitled to a review thereof, when the first hearing was not held before the full board, although all the members thereof joined in making such award.    It is contended that this court has heretofore held otherwise in the cases of *Kingan & Co., Ltd.* v. *Buford* (1917), 65 Ind. App. 182, 116 N. E. 754, and *Kokomo Steel, etc., Co.* v. *Griswold* (1917), 67 Ind. App. 45, 117 N. E. 265.    An examination of these cases discloses that in each of them the hearing preceding the original award was held before the full board and are therefore not in conflict with the opinion here expressed, although certain expressions used in discussing the questions then before the court might be so construed.    In 1917 the legislature amended said §60, *supra,* so it now reads in part as follows:    "If an application for review is made to the board within seven days from the date of an award, *made by less than all the members,* the full board, *if the first hearing was not held before the full board,* shall review the evidence," etc.    (Our italics)  Acts 1917 p. 154.    By this amendment an award by the full board precludes a review thereof, although the hearing may have been held before less than all the members thereof.    The act containing this amended section was approved on March 5, 1917, and became effective on that date by virtue of an emergency clause.    The record discloses that the first award on appellee's claim for compensation was made by the full board on January 15, 1917, after a hearing before less than all the members thereof.    He was therefore entitled to have the same reviewed by the full board under the provision of said §60, *supra,* as originally enacted.    He availed himself of this privilege by filing his ap-

plication therefor on January 22, 1917. This application was still pending when said amended section became effective, and the award thereon was made subsequent to said date. It is well settled that where a right or remedy, which did not exist at common law, is founded on a statute, the unqualified repeal of the statute before the right had become vested, or the remedy perfected, abrogates the right and deprives the court of all jurisdiction to proceed further in administering the remedy. It is likewise true that, when jurisdiction over a subject-matter or special proceeding depends upon an act of the legislature, if the act be repealed before the proceeding is concluded, the jurisdiction terminates of necessity. However, where the new legislation does not impair, or take away, the previously existing right, nor deny a remedy for its enforcement, but merely modifies the proceedings while providing a substantially similar remedy, the jurisdiction continues under the forms directed by the later act, in so far as the two acts are different. *Mayne* v. *Board, etc.* (1890), 123 Ind. 132, 24 N. E. 80; *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, 76 N. E. 165; *Holderman* v. *Town of North Manchester* (1911), 48 Ind. App. 491, 96 N. E. 29; 36 Cyc 1216. Moreover, since nothing appears in the act of 1917, which imperatively requires the conclusion, that it was the legislative intent, that it should have retroactive effect, it should not be so construed. *State, ex rel.* v. *Vandalia R. Co.* (1914), 183 Ind. 49, 108 N. E. 97. In the light of the above rules, and the facts of this case, it is obvious that the board was not without jurisdiction to hear and determine appellee's application for a review of the original award. This being true, there is no basis for appellant's further contention, that the board was without jurisdiction to hear and determine

appellee's subsequent application for a review of the second award on account of a change in condition.

Appellant contends that the evidence is not sufficient to sustain the finding on which the final award is based. In support of this contention it asserts that the board, by its finding and award, made on review of the original award, determined that the condition in which appellee then claimed he was, was not a condition resulting from his original injury; that appellee did not appeal from said award, and is therefore conclusively bound thereby; that the evidence introduced on the hearing of appellee's application for review by reason of a change in condition, is nothing more than additional evidence of the same condition that existed at the time of the review of the original award by the full board, and hence is insufficient to sustain a finding of any facts on which an award could be made in appellee's favor.    This contention leads to a consideration of what was actually determined by the board on review of the original award.    In considering this question, it should be noted that the finding of the board on such review is contradictory, as it first states that the injury received by appellee on April 24, 1916, resulted in his total disability to work for a certain definite period, and then concludes by stating that "the disability for which the plaintiff is claiming compensation in *this proceeding,* did not result from his injury of April 24, 1916."    (Our italics.)    As appellee had only instituted *one proceeding* to have the matter of his compensation determined, of which the hearing on review of the original award was a part, it is evident that the clause quoted contradicts the former finding in that regard.    In view of the fact that the board awarded appellee compensation for a definite period, based on the facts specifically found in the first part of the finding, the latter general finding to the contrary must yield to the former specific

finding in that regard, otherwise the award would be groundless, which is not to be presumed. We must therefore disregard such general finding, or treat it as mere surplusage.

It is to be observed, however, that the board on review of the original award failed to find any facts which would authorize any award in favor of appellee 7. by reason of his condition at the time of such review. It follows that, if appellant is correct in its assertion that the evidence on the review, by reason of a change in condition, is nothing more than additional evidence of the same condition that existed at such former review, it would not be sufficient to sustain the final award from which this appeal is taken. In determining the question here involved, it should be noted that the Industrial Board on its final review found that appellee's disability for work, as a result of the injury producing the same, had recurred. This is in effect a finding in appellee's favor on the question of a change in condition. This finding must be given the same effect as the verdict of a jury or the finding of a court in an ordinary civil action. Therefore, if there is any evidence to support such finding, this court is bound thereby. *Interstate, etc., Co.* v. *Szot* (1917), 64 Ind. App. 173, 115 N. E. 599. The evidence on the three hearings before the Industrial Board has been brought into the record. We have reviewed it carefully and note that the evidence on the original hearing, and on the review of the award thereon by the full board, relates mainly to the existence of certain physical conditions of appellee and their probable causes. We also note that on the hearing of the application for review on account of a change in condition, there was substantial evidence tending to show that appellee was then suffering from a mental disease, bordering on insanity, known as traumatic hysteria, which did not exist at the

time of the hearing before the full board on review of the original award, or if existing, did not cause disability at such time. Among this evidence we note the following: Dr. W. D. Gatch testified that in his opinion appellee was suffering from what is known as major or very grave hysteria, and was bordering on insanity. Dr. Lyman Overshiner testified that in his opinion appellee was suffering from a mental condition. Dr. J. H. Oliver testified that in his opinion appellee's condition was then more mental, than at any other time; that the ailments of which he then complained were entirely mental; that his troubles were first real, then of a malingering nature, and afterwards they became real again; that his present condition was not that of a malingerer; that it was a real mental depression, a real hysterical condition. Dr. C. F. Neu testified that in his opinion there was some evidence that appellee has traumatic hysteria. Dr. J. H. Eberweine testified, in substance, that in his opinion appellee's present condition was a mental state which had developed since the injury. There was also evidence which tended to show that such condition had produced total disability for work, and was the result of the original injury on which appellee based his right of compensation. Under

8. the rule that this court is limited to a consideration of the evidence most favorable to appellee, in determining its sufficiency to sustain the finding of the Industrial Board, we are forced to the conclusion that the evidence in this case is sufficient in that regard. *Haskell & Barker Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555.

The fact that appellee was suffering from a mental or nervous condition resulting from a physical injury, rather than from the physical injury itself, can-

9. not have the effect of relieving appellant from liability. This court is committed to the doctrine

that a "personal injury," as that term is used in the Workmen's Compensation Act, *supra*, has reference not merely to some break in some part of the body, or some wound thereon or the like, but also to the consequence or disability that results therefrom. *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268; *Indian Creek, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519. It is apparent that certain mental and nervous conditions may be as effective in producing disability as a physical wound or the loss of a member. Such conditions, therefore, afford a basis for compensation. *In re Hunnewell* (1915), 220 Mass. 351, 107 N. E. 934; 1 Honnold, Workmen's Compensation 293; *Eaves* v. *Blaenclydach, etc., Co.* (1909), 2 B. W. C. C. 329; *Yates* v. *South Kirby, etc., Collieries* (1910), 3 B. W. C. C. 418; *Morris* v. *Turford and Southward* (1913), 6 B. W. C. C. 606. It may be conceded as appellant contends that a mental attitude toward an original injury, voluntarily assumed, cannot be said to be a result of such injury; that intentional and wilful practices, and the use of mental processes, by which mental and physical infirmities are developed into injurious conditions, will defeat a claim for compensation, as under such circumstances the injured employe becomes the responsible agent for his own condition.

However, under the evidence this case, the most that can be said in appellant's favor in that regard is, that the evidence is conflicting. Under such circumstances we cannot weigh the evidence and determine where the preponderance lies, but must accept the finding of the Industrial Board as conclusive on such fact. *Interstate, etc., Co.* v. *Szot, supra.*

Appellant contends that the finding of facts, on which the last-named award was made, is based entirely on the opinions of physicians; that said opinions were based upon facts and assumed facts not proved, and

hence such finding is not sustained by the evidence, and the award based thereon is unauthorized. An examination of the record discloses that the opinions of the witnesses who testified on the final hearing, in so far as they relate to appellee's mental condition, were mainly based on examinations and observations made of appellee, on statements made by him during the progress thereof, and on the history of the case. The facts involved in these several matters were given in evidence by the several witnesses before stating their opinions based thereon. The facts learned by a physician while making an examination or observation of a person are clearly proper matters to be considered in forming an opinion as to his physical or mental condition. Expressions of present pain on such occasions, as a rule, are proper to be considered in determining the subject's physical condition, and any statement made by him is a proper matter to be considered in determining his mental condition. In so far as the facts relating to the history of the case, involved any statements made by appellee to the witnesses, it suffices to say that there was evidence on the former hearings, which was before the board for its consideration on the final hearing, which tended to establish substantially all the facts thus involved. If it could be said there was any fact thus involved not so supported, it would not have the effect of rendering the opinion of the witness incompetent, if there was proper evidence of other facts on which it rested, although it might affect its weight. *Taylor* v. *Taylor* (1910), 174 Ind. 670, 93 N. E. 9. In this connection it should be borne in mind that the admission of incompetent evidence by the Industrial Board will not operate to reverse its award, where there is any competent evidence to support it. *United Paper Board Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N.

E. 276; *Haskell & Barker Car Co.* v. *Brown, supra.* In this case the board has found in favor of appellee on the issue of a change in condition. There is substantial competent evidence tending to show that this change has resulted in a mental affliction, which has caused a disability for work. The finding on such issue must therefore be sustained, even if it could be said that incompetent evidence was admitted on such issue. Appellant's contention regarding the sufficiency of the evidence therefore cannot be sustained.

We find no reversible error in the record. The award is affirmed, with five per cent. damages, as provided by §3 of the amendment of 1917 (Acts 1917 p. 155, §80201 *et seq.* Burns' Supp. 1918).