### 12979. BUCHMAN *v.* ROGERS *et al.*

1. The assignment of error upon the overruling of the certiorari is sufficient in form, and there is no merit in the motion to dismiss the writ of error.

2. As to the time when liens attach for street-improvement assessments in the City of Atlanta, the act approved August 19, 1919 (Ga. L. 1919, 821), repealed the provision of the city charter that such assessments should be a lien "from the date of the passage of the ordinance providing for the work and making the assessment," and changed the time to "the date of the entry of the completion of such work;" and the city, after the passage of the repealing act, did not have the right to issue an execution based on the repealed provision of the charter for the amount of an assessment provided for in a prior ordinance. In thus changing the time for the attaching of the lien the act was retroactive only as to the remedy, and did not impair vested rights.

DECIDED JULY 26, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. September 23, 1921.

*Morris Macks, Samuel A. Massell, Little, Powell, Smith & Goldstein,* for plaintiff in error. *Walter A. Sims,* contra.

BLOODWORTH, J. 1. Upon the hearing of the petition for certiorari the judge of the superior court passed the following order: "The within petition for certiorari coming on to be heard, and after hearing same, the same is overruled and denied." In the bill of exceptions this ruling is excepted to as follows: "To which judgment, decision, and order of said superior court the plaintiff, Jacob Buchman, then and there excepted and now excepts and assigns the same as error, and says that the court erred in overruling said petition for certiorari and denying the same on each of the grounds stated therein, and the court should have sustained said certiorari." A motion was made to dismiss the bill of exceptions "upon the ground that the assignment of error is too general and too indefinite to present any matter for the court's consideration." Under the ruling in *Meeks* v. *Carter,* 5 *Ga. App.* 421 (1) (63 S. E. 517), there is no merit in this motion. The assignment of error "is sufficient in form and presents for review the questions of law made in the lower court by the petition for certiorari and the answer."

2. On June 7, 1919, an ordinance for the repaving of a portion of Marietta street, including that in front of certain property owned by plaintiff in error, was approved by the mayor

of Atlanta and became a law of the city. This ordinance fixed the amount to be assessed against the owners of the property on each side of the street. In April, 1920, this property was purchased by W. T. Rogers and J. H. Birch, defendants in error. In July, 1920, an execution was issued by the city against Buchman and against said property. In order to protect themselves, the defendants in error, on September 27, 1920, paid the amount of the execution and it was transferred to them by the city. They then brought suit in the municipal court of Atlanta to recover from the plaintiff in error the amount of the execution. On the trial a judgment was rendered in favor of the plaintiffs, and the defendant applied for and secured a writ of certiorari. Upon the hearing the judge of the superior court overruled the certiorari and the defendant excepted.

Under the law as it existed on June 7, 1919, the city had a lien on the property assessed, which dated " from the date of the passage of the ordinance providing for the work and making the assessment." Code of Atlanta (1910), § 2407, p. 703. In 1919 the legislature passed an act (Ga. L. 1919, p. 821) repealing section 2407 of the code of Atlanta, by changing the time that the lien for street improvements attached from the time of making the assessment to the " date of the entry of the completion of said work in a book prepared therefor by the city comptroller and kept in his office."

It is obvious from the above state of facts that the decision of this case turns upon the single question, to wit, whether or not the act of 1919 (Ga. L. 1919, p. 821), approved August 19, 1919, divested the city of the right to enforce the lien under the provisions of the city charter codified in section 2407 of the code of Atlanta, which provided that the lien attached " from the date of the passage of the ordinance."

The act of 1919 contained no saving clause as to existing liens, and by section 2 of that act section 2407 of the code of Atlanta was specifically repealed, as shown by the following provisions: " That the lien of all assessments made by the City of Atlanta in its favor, for all improvements levied against abutting property or abutting property owners such as for paving," etc., " shall attach and become fixed on the date of the entry of the completon of such work in a book prepared therefor by the city comptroller,

. . and *all the provisions of said charter* providing a lien from the date of the beginning of the work or to the introduction of the ordinance or resolution therefor, or in any way conflicting with this section, be and the same *are hereby repealed* and this section is hereby established in lieu of same."

It will be recalled that the execution issued by the city against Buchman was issued in July, 1920, nearly a year after the passage of the act of 1919 (approved August 19, 1919) repealing the old law which provided that the lien for street improvements, etc., dated from the passage of the ordinance. Thus the act of 1919 divested the city of any right to issue and levy an execution based on the law existing prior to the act of 1919, and, therefore, the city could not, at the time of the issuance of the execution, have compelled Buchman, who was at that time no longer the owner of the property in question, to pay for the repaving of the street, and if the city had no valid claim against Buchman, then certainly Rogers and Birch, the transferees of the execution issued against Buchman, had no valid claim against the latter.

The act of 1919 was retroactive only in that it provided for a different remedy from the one already in existence, viz., that it was a lien against the owner at the time of completion instead of a lien against the owner at the time the paving was ordered. In *Bacon* v. *Mayor &c. of Savannah*, 105 *Ga.* 62 (1) (31 S. E. 127), it is expressly held that "Legislation which does not impair vested rights, but is purely remedial in its operation on pre-existing rights and liabilities, is not within the inhibition of the constitution which forbids the passage of retroactive laws." Obviously, therefore, the legislature has the right to pass a law altering existing ordinances which does not injuriously affect the vested rights of citizens. When the legislature changed the law in 1919, it did not in anywise affect any vested right of Rogers and Birch, and when they purchased the property in question in 1920 the new law had been established by the legislature and a city ordinance declaratory thereof passed, which put them on notice that the existing plan, to wit, pay when the work is completed, was substituted for the previous plan of pay when the work is ordered.

The case of *State* v. *Callaway*, 152 *Ga.* 871 (111 S. E. 563, 564), is more nearly in point than any other Georgia case. That was a

case involving taxes due by the White estate from the year 1911 to the year 1917. Under the law existing at the time these taxes became a lien the executors of the estate were entitled to arbitrate the matter. Thereafter, in July, 1918, the arbitration law was repealed. Subsequently assessments were made on the property, based on the prior lien, and it was sought to arbitrate the matter under the law that existed at the time the lien became effective. The Supreme Court held that the act of 1918, and not the prior law, was in force, and that the arbitration proceedings authorized under and by virtue of the old law were nugatory. In the case of Stone *v.* Street Com'rs of Boston, 192 Mass. 297 (78 N. E. 478), a question very similar to the question in the instant case was presented for adjudication. The salient facts of that case were, that certain public improvements were ordered and the work started, but subsequently all of it was completed after the passage of a new act. An attempt was made to collect for the work under the old act. The court held that "the right to levy and collect betterment assessments is statutory and the legislature may repeal the law authorizing such assessments." In Gubbins *v.* Harrington, 48 Ind. App. 491 (96 N. E. 31), it was held: "The lien [for improvements] is given by statute and is a remedy which the legislature may modify at any time." In Holderman *v.* Town of North Manchester, 48 Ind. App. 491 (96 N. E. 29), it was held that the repeal of a statute which contained no saving clause as to pending assessments took away all power to proceed further under the amended proceedings. In Zintsmaster *v.* Aiken, 173 Ind. 269 (88 N. E. 509, 510), it was held that the repeal of the law under which certain assessments were made left the board inquiring into it without jurisdiction of the subject-matter. And in Nelson *v.* Dunn, 56 Ind. App. 645 (104 N. E. 45), it was held that assessments should be made under the subsequent and not the prior act.

It follows from what has been said that the judge of the superior court erred in overruling the certiorari, and the judgment of affirmance previously rendered by this court in this case is vacated and a judgment of reversal is entered in lieu thereof.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*