PEOPLES TRUST COMPANY, GUARDIAN, *v.* WARNER GEAR COMPANY ET AL.

[No. 11,743.   Filed October 24, 1923.]

1.  MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Review of Award Because of Changed Conditions.*—*Findings of Industrial Board.*—*Sufficiency.*— Findings of the Industrial Board on a petition for review of an award because of changed condition that there was no change in conditions on account of which the award was made, and that his disability was due to disease which did not result from the injury for which compensation was awarded, where the real ¹ssue was whether the injury had recurred and increased since the award and resulted in permanent partial impairment, *held* not a conclusion of law and that such findings are within the issues and can form the basis of an award.  p. 404.

2.  MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Review of Award Because of Changed Conditions.*—*Findings of Industrial Board.*—On petition for review of an award by the Industrial Board because of changed conditions, where the evidence discloses a change in condition, it was proper for the board to find such change was due to disease and not on account of the injury suffered for which compensation had been awarded.  p. 404.

3.  MASTER AND SERVANT.— *Workmen's Compensation Act.*— *Agreement of Award.*— An agreement under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 Burns' Supp. 1921) reciting that the parties had reached an agreement and that compensation be paid at a fixed amount for a definite period of time, beginning at a fixed date, together with reasonable and necessary medical, hospital and surgical attention for first thirty days, *held* not incomplete in that it did not cover the whole disability suffered.  p. 404.

4.  MASTER AND SERVANT.— *Workmen's Compensation Act.*— *Award.*—*Validity.*—*Petition for Review.*—*Subsequent Change*

VOL. 80—26

*of Condition.*—Where the claimant filed a petition for review. of an award by the Industrial Board because of changed conditions based upon that award and does not question the legality of the agreement or validity of the award, *held*, that it was an acknowledgment that the award was properly made, and a subsequent claim that the award should have been annulled because the claimant was of unsound mind at the time of making the agreement on which the award was made, presents no question to the board on petition for review on account of a changed condition.  p. 405.

From Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Peoples Trust Company, as guardian of Charles W. Edgell against Warner Gear Company and another.  From the award rendered, the claimant appeals.  *Affirmed.*

*George H. Koons,* for appellant.

*Turner, Adams, Merrell & Locke* and *Paul E. Beam,* for appellee.

McMahan, C. J.—On November 18, 1921, Charles W. Edgell filed an application with the Industrial Board for compensation because of injuries received March 13, 1920, while in the employ of appellee.  Pending this application the parties entered into an agreement, reciting: "That whereas said Charles W. Edgell sustained an injury in the course of his employment which resulted in a hernia and whereas operation for such hernia has been offered to said Charles W. Edgell, but such operative procedure has been refused, it is agreed that compensation shall be paid to said Charles W. Edgell at the rate of $11.55 per week for 15 weeks beginning on the 20th day of March, 1920."  This agreement, dated January 16, 1922, was filed with and approved by the board January 18, 1922, and the application filed November 18, 1921, was dismissed. February 1, 1922, a receipt was filed with the Industrial Board wherein the employe acknowledged "receipt of

$173.25. being the proportion of the weekly wages from the 13th day of March, 1920, to the 26th day of June, 1920, that I am entitled to under the Indiana Workmen's Compensation Act, subject to review by the Industrial Board, as the result of an accident which occurred on or about the 13th day of March, 1920, while in the employ of the Warner Gear Company, Muncie, Indiana."

October 10, 1922, Charles W. Edgell filed his application for a review of the award because of changed conditions, in that disability on account of his injury had recurred and increased since the award and had resulted in permanent partial impairment. To this application appellee filed an answer (1) of general denial and (2) that more than one year had expired from the termination of the compensation period fixed in the original award and before the filing of the application for review. A guardian having been thereafter appointed for the injured employe, was by agreement substituted as party plaintiff.

On a hearing before the board, the board by a majority of its members, after finding the facts concerning the employe's injury, the filing and approval of the compensation agreement, together with the payment of the compensation as heretofore stated, found: "There has been no change in conditions on account of which the award made by the approval on the 18th day of January, 1922, of the agreement dated January 16, 1922; that since said date the plaintiff has become wholly disabled for work but that his disability is due to disease which did not result from an injury on account of which compensation was awarded by the approval of said agreement."

The petition for review being denied, appellant appeals. The errors assigned are that the award is not sustained by sufficient evidence and is contrary to law.

We cannot concur in appellant's contention that the findings that "there is no change in conditions on account of which the award made by the approval on the 18th day of January, 1922," and "that his disability is due to disease which did not result from an injury on account of which compensation was awarded by the approval of said agreement," are conclusions of law. Neither do we concur in the contention that such findings are not within the issues and therefore cannot form the basis for an award. The evidence conclusively and without any conflict shows there had been a change in the employe's condition since the date of the original award in that since that time he had become wholly disabled for work. The real issue was as to whether the injury he suffered and for which compensation had been awarded, had recurred or increased and had resulted in permanent partial impairment. It is quite clear that what the board meant by the first finding to which objection is made, was that there had been no change in the condition of the injured employe which could be attributed to the injury for which the award had been theretofore made. This finding would probably have been sufficient, but, the evidence having disclosed a change in the condition of the injured employe it was proper for the board to specially find such fact and also to find that such change was due to disease and not on account of the injury suffered and on account of which compensation had been awarded.

The compensation agreement signed by the parties and approved by the board recited that the parties had reached an agreement in regard to the compensation for the injury for which an application for compensation had heretofore been filed with the board, that the employe had refused an operation and that it was agreed that compensation should be

paid at the rate of $11.55 for fifteen weeks beginning March 20, 1920, together with the reasonable and necessary medical, hospital and surgical attention for the first thirty days following the injury should be furnished the employe. This was not an agreement incomplete in that it did not cover the whole disability suffered as was the agreement in *Standard Cabinet Mfg. Co.* v. *Iliff* (1918), 67 Ind. App. 568, 119 N. E. 479, which purported to cover the compensation to be allowed during the period of total disability and where no provision was made for partial disability following the period of total disability. In that case the period of total disability was of short duration and was followed by a period of partial disability during which the employe was under the law entitled to compensation.

It is next argued that the injured employe was of unsound mind and that the board should have annulled the award made in accordance with the agreement. **4.** The application for review was based upon that award. The legality of the agreement and the validity of the award were not questioned by the petition. The filing of the petition for review was an acknowledgement that the award was properly made. The claim was that there had been a change in the condition of the injured employe subsequent to the original award and that such change was the result of the injury. Whether there had been a change of condition, and if so, whether it was caused by reason of the injury or from some other cause, were questions of fact for the Industrial Board.

The finding and award is sustained by the evidence. The award is affirmed.