BIRDSELL MANUFACTURING COMPANY *v.* TRIPP.

[No. 11,713. Filed October 31, 1923.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Release from Liability.*—*Consideration.*—Where an injured employe, when executing a receipt for compensation then due, signed a release relieving the employer from further liability on the belief that he was signing a receipt for compensation then due him, the consideration for the signing the receipt was

for the payment of compensation then owing the employe and the release being obtained without consideration it was not binding on the employe. p. 454.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Termination of Liability.—Statute.*—Where an employer believes his liability has ceased because of a changed condition, he should proceed under §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 Burns' Supp. 1921) where his remedy is provided. p. 454.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Release from Liability.—Failure to Read Receipt for Compensation.—Statutes.—Construction.*—The failure of an employe to read a paper signed by him, releasing the employer from further liability, on the belief that he was signing a receipt for compensation then due him, *held,* that it does not bar an award of further compensation to him, as the administration of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 Burns' Supp. 1921) calls for a more liberal construction of the law in order to carry out its purpose than in action at common law. p. 454.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Continuing Proceedings.—Pleadings.—Right to Amend.—Evidence.—Final Award.*—An order of the Industrial Board finding that the pleadings were not sufficient to preserve the employe's rights, and continuing the proceedings to a subsequent time, with leave to both parties to amend their pleadings and submit further evidence, is not a final award so as to make the board without jurisdiction to grant a subsequent hearing. p. 455.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by B. D. Tripp against the Birdsell Manufacturing Company. From an award for claimant, the defendant appeals. *Affirmed.*

*White & Jones, Joseph H. Weir* and *Samuel Harper,* for appellant.

*Samuel Parker, Will G. Grabill, S. J. Crumpacker, Arthur L. May* and *Woodson S. Carlisle,* for appellee.

McMAHAN, C. J.—Appellee while in the employ of appellant received an injury which arose out of and in the course of his employment An agreement for com-

pensation was entered into and approved, whereby appellant agreed to pay as compensation $10.59 per week "during total or partial disability" not exceeding 500 weeks, beginning July 14, 1921. February 18, 1922, appellant through its insurance carrier paid appellee $42.36, that being the amount of compensation up to February 15, 1922, and secured a receipt from appellee containing a recital that disability had ceased February 15, 1922, and that the payment so made was in final settlement of compensation due appellee by reason of the injury received while in appellant's employ. Appellee afterwards filed a petition for a review because of changed conditions. The full board, on review of an award by a single member, found that the pleadings were not proper to protect the rights of appellee and continued the matter for further hearing giving both parties leave to amend pleadings and to introduce additional evidence. Appellee later filed an amended petition, which after alleging the facts relative to his injury, the entering into of the compensation agreement and the payment of compensation to February 15, 1922, alleged that at no time since the injury had he been able to work; that when he signed the receipt heretofore referred to, he did so with the belief that it was the usual receipt for compensation, that he did not know that he was signing a release and final settlement of his right to compensation, that such release was procured by fraud and asked that appellant be ordered to continue payment of compensation under the original agreement. Appellant filed answer: (1) That the cause had been fully settled, setting out the final receipt, and alleging that total disability ended February 15, 1922; (2) that appellee's then disability was due solely to his willful refusal to obey the instructions of physicians. The cause was then heard by the full board which after finding the facts concerning the injury,

the compensation agreement, payment of compensation and the execution of the final receipt found that appellee was advised by appellant's representative, the insurance carrier, and led to believe that it was necessary to execute said paper in order to secure the compensation then due him; that at that time appellee was wholly disabled to work and that his disability had not ceased. The board ordered that the final receipt and release be set aside and that appellant resume payment of compensation in accordance with the compensation agreement.

Appellee while in appellant's employ fell and fractured his left leg. He was seventy-five years old at the time, and was confined in bed at a hospital for eight weeks under the care of physicians employed by appellant. While at the hospital he fell and broke his leg about four inches above the first fracture. When he left the hospital and was taken to his home the splint was still on his leg, and he could not bear his weight on it. About a week after going home while on the porch and being supported with crutches he slipped and fractured the leg a third time. Appellant's contention is that the present disability of appellee is not the result of an accident arising out of and in the course of his employment, but that it is the result of an accident which occurred after he ceased to be an employe.; that his present condition is the result of the last two fractures which it contends were caused by the willful conduct of appellee Appellee contends that he has fully recovered from the last two fractures and that his present disability is the result of the first fracture. The evidence upon this question is conflicting as it is on all other questions of fact before the board. The evidence does not, as appellant contends, without conflict, show that the present disability of appellee was

caused by willful misconduct in refusing to obey the physician.

Appellant contends there is no evidence to sustain the finding and award setting aside the final receipt which it designates as the "release." But it is **1, 2.** to be remembered that when this receipt was signed, appellee was over seventy-five years of age. He was unable to move except on crutches. Appellant's representative figured the amount due him and informed appellee that it would be necessary for him to sign the receipt before he could get the compensation then due him. When the receipt was executed, appellant was owing appellee for four weeks' compensation which it was obligated to pay, so that the consideration for the signing of the receipt was the payment of the amount then due and owing appellee. Appellee could but did not read the receipt and release before signing the same. This, however, is no reason why the purported release for which appellant paid nothing should be permitted to stand in the way of the payment to appellee of the compensation to which he is entitled. If appellant believed its liability had ceased because of changed conditions, §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) provided a remedy.

Appellant asks us to hold as a matter of law that appellee's failure to read the paper signed by him calls for a reversal of the award. This we cannot **3.** do. The administration of the Workmen's Compensation Act, Acts 1915 p. 392, *supra,* calls for a more liberal construction of the law in order to carry out its purpose than is required in an ordinary action at common law where the execution of an instrument without reading is involved.

There is no merit in appellant's contention that the board was without jurisdiction to grant what it calls

a second hearing. This contention is based on
4. the theory that the board when it found the
pleadings were not sufficient to preserve appel-
lee's rights, found there was no change in his condi-
tion, and that the subsequent proceedings were unau-
thorized. Appellant wholly misconceives the effect of
the order granting the parties leave to amend their
pleadings and to submit further evidence. This find-
ing and order on its face shows that it was not a final
award. It was not so intended or understood by any
of the parties. It was simply an order continuing the
matter for further hearing with leave to amend the
pleadings and to submit further evidence, and that is
what actually took place.

The award is affirmed and ordered increased five per
cent. in accordance with §61 of the Workmen's Com-
pensation Act, Acts 1915 p. 392, *supra.*