McDaniel *v.* Circle A Products Corporation.

[No. 12,173. Filed March 31, 1925. Rehearing denied June 12, 1925.]

Master and Servant.—*Application under §45 of Workmen's Compensation Act to review award of compensation held not barred.*—Where a compensation agreement under the Workmen's Compensation Act (§9446 *et seq.* Burns 1926, §80201 *et seq.* Burns' Supp. 1921) provided that the employer should pay a stipulated sum each week "during total disability" was approved by the Industrial Board, it became an award, and under §45 of the Compensation Act (§9490 Burns 1926, §8020c2 Burns' Supp. 1921), an application for review on account of changed conditions may be filed at any time within one year from the actual termination of the disability, although the parties, believing the disability had ceased, effected a settlement and the injured employee executed a receipt stating that his disability had ceased.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Muratt W. McDaniel against the Circle A Products Corporation, employer. From an order dismissing an application by employee to review the award, claimant appeals. *Reversed.* By the second division.

*William H. Faust,* for appellant.

*Allen P. Vestal,* for appellee.

DAUSMAN, C. J.—Muratt W. McDaniel received a compensable injury on April 17, 1923, while in the employment of Circle A Products Corporation. Thereafter the employer and the employee entered into an agreement in writing, by the terms of which the employer agreed to pay compensation "during total disability, beginning April 29, 1923, and not to exceed 500 weeks." The agreement was approved by the Industrial Board and thereupon became an award. Subsequently, the employee executed a receipt for the compensation received up to the date therof. The receipt contains the recital that total disability ceased on May 14, 1923, and that there was no partial disability. On July 3, 1924, the employee filed a petition for review on account of a change in conditions, seeking thereby to have compensation continued. The full board, by a majority of its members, found that the application to review was not filed within "one year after the termination of plaintiff's disability." Thereupon the application was dismissed.

The uncontroverted evidence shows that, in truth, the disability never had ceased. The medical testimony is that the injury has been continuous from the beginning; that it is permanent, unless remedied by a surgical operation; and that it is of such a character as necessarily results in disability.

In determining whether or not the application is barred by the statutory limitation, it is necessary to observe closely and attentively the exact words of the statute. Those exact words are:

"The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by an agreement or

294    APPELLATE COURT OF INDIANA,

upon hearing." §45 Compensation Act (Acts 1919 p. 158, §9490 Burns 1926, §8020c2 Burns' Supp. 1921).

The presumption is that, at the time the receipt was executed, the parties believed that the employee's disability had actually and permanently ceased. But they were mistaken. Consequently, the compensation period fixed in the original award did not terminate at that time. *Ft. Branch, etc., Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228; *Birdsell Mfg. Co.* v. *Tripp* (1923), 80 Ind. App. 450, 141 N. E. 252; *American Chain Co.* v. *Salters* (1923), 80 Ind. App. 410, 140 N. E. 435.

The employee contends that his failure to file the petition sooner is due to the conduct of the employer (or its insurance carrier) with whom negotiations had been carried on for some time in an effort to reach an agreement. That feature we need not discuss.

The award is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.