GOSHEN VENEER COMPANY *v.* COZZI ET AL.

[No. 14,273. Filed June 17, 1931. Rehearing denied October 6, 1931.]

*L. A. Krebs* and *James L. Murray,* for appellant.
*Ray Deahl,* for appellees.

BRIDWELL, P. J.—Appellees, the widow and children of Stanley Cozzi, filed their application for compensation against appellant, Goshen Veneer Company, before the Industrial Board of Indiana, under "The Indiana Workmen's Compensation Act of 1929" (Acts 1929 p. 536), alleging, among other things, that said Stanley Cozzi died on October 18, 1929, as a proximate result of personal injury received by him on or about September 20, 1929, by reason of an accident arising out of and in the course of his employment by said appellant.

The case was submitted to the Industrial Board, and,

after a hearing by a member of said board, compensation was awarded to appellees, and, upon appellant's application for review by the full board, such board heard the cause, made its finding of facts, and entered an award in favor of appellees, from which this appeal is taken. The appellant assigns as error that the award is contrary to law.

The facts as found by the full Industrial Board are as follows: "That, on September 20th, 1929, one Stanley Cozzi was in the employ of the defendant at an average weekly wage in excess of $30; that on said date the said Stanley Cozzi received a personal injury as the result of an accident arising out of and in the course of his said employment, which accidental injury resulted in the death of the said Stanley Cozzi on October 18, 1929.

"That the said Stanley Cozzi left surviving him as his only dependents his widow, Ruth Cozzi, and his children, Ilah M. Cozzi, born January 17, 1928, and Stanley A. Cozzi, born June 21, 1929, all of whom resided with the deceased at the time of his death, and each of whom was wholly dependent on the said Stanley Cozzi for support at the time of his said accidental injury and death."

Appellant contends "that the evidence establishes the fact that the death of Stanley Cozzi was not the result of any accidental injury arising out of and in the course of his employment for the appellant, but that it was the result of a disease which had no connection with the alleged injury."

The evidence discloses that the deceased was employed by appellant, and that he, on or about September 20, 1929, while working for appellant at the duties of his employment, received a small cut on the middle finger of the right hand near the knuckle while operating a taping machine; that this injury was reported to his foreman, who directed him to report to the office and to see

the company's doctor; that he did so, and his injury was treated by the company's doctor for approximately two weeks, during a part of the time twice a day, and most of the time daily; that the deceased continued working until October 9, following his injury, at which time he became too sick to continue at his work, and was confined to his home until October 14, when he was taken to the hospital, where he died on October 18, 1929, of staphylococcus septicemia, which, according to the medical testimony, is a general poisoning in the blood stream caused by the germ staphylococcus.

That the deceased was an employee of appellant, that he received the injury to his hand by accident arising out of and in the course of his employment, and that appellees were wholly dependent upon the decedent for support, is not disputed.

It is claimed by appellant that the death of the deceased employee was due to the staphylococcus infection, which, appellant insists, existed prior to the injury, and, for proof of this fact, appellant calls our attention to the testimony of the physician employed by appellant to whom the said deceased employee was directed to go and who first gave medical attention to decedent. This witness testified that, at the time when he first treated decedent, the decedent said: "Doctor, there is something the matter with me, with my blood. Every little cut or scratch I get doesn't heal"; that decedent also said that he had had some boils and had not been well. There is no other evidence in the record tending to prove that the deceased had been afflicted with boils, or had had any blood infection prior to his injury.

Upon this testimony and the testimony of other physicians called as its witnesses, and who testified as experts after holding an autopsy, appellant relies for a reversal, asserting that the evidence is not sufficient to sustain the finding and award, and that "appellees did

not discharge their burden of proof by a preponderance of the evidence."

It would serve no good purpose to analyze the medical testimony given. It is conflicting, as is the evidence concerning the physical condition of the deceased prior to the accident. The widow testified that her deceased husband was a strong man; that he was a very healthy person, and, during the time they had lived together, he had not been sick; that he had never had a boil, never had had any infection and had never had to call a doctor. All witnesses testifying concerning the matter agreed that the germ causing the general poisoning in the blood stream might have entered the body at the wound on the hand, and two of the five witnesses gave the opinion that the source of the infection was at this wound.

Where the primary injury arises out of the employment, every consequence which flows from it arises out of the employment. *Larke* v. *John Hancock, etc., Ins. Co.* (1916), 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E 584; *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *Kingan & Co., Ltd.,* v. *Ossam* (1918), 75 Ind. App. 548, 121 N. E. 289.

It is the province of the Industrial Board to determine, in the first instance, the ultimate facts of the case. It may not only weigh the evidence, but may also draw any reasonable inference from such facts as it deems established thereby. When such board has discharged its duty in this respect, and has reached a conclusion as to the ultimate facts, and has embodied such conclusion in a finding of facts, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. If, in determining an ultimate fact, the Industrial Board reaches a legitimate conclusion upon the evidential facts, we cannot disturb that

conclusion, even though another conclusion, equally legitimate, might be reached. *National Biscuit Co.* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410; *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312, 132 N. E. 262.

After reading and considering the evidence in this case, we cannot say that the Industrial Board has reached a conclusion which no reasonable person 6. could legitimately reach. In fact, we are of the opinion that the evidence is entirely sufficient to justify the finding and award.

The award is affirmed.