RALPH SOLLITT AND SONS *v.* BICKEL.

[No. 14,436.   Filed January 14, 1932.]

666

*Henry L. Humrichouser,* for appellant.
*Walter R. Arnold* and *Dudley M. Shively,* for appellee.

CURTIS, J.—The appellee, while in the employ of the appellant at an average weekly wage of $37.50, on June 30, 1930, suffered an injury arising out of and in the course of his employment resulting in a right and left inguinal hernia. The employer furnished an operation to the employee in an attempt to cure said injury. Afterward to wit, on August 4, 1930, the appellant and appellee entered into a compensation agreement whereby the appellant was to pay the appellee $16.50 per week during temporary total disability beginning on July 20, 1930, but not exceeding the period fixed by law. The Industrial Board of Indiana approved the above agree-

ment August 13, 1930, and payments were made in accordance therewith until October 25, 1930, at which time the payments were discontinued by reason of a receipt of the employee in final settlement of compensation, which was dated November 6, 1930, and filed with the Industrial Board November 13, 1930, on form No. 28, furnished by the board to be used in such cases. This receipt acknowledged the payment of a total of $231, which included all previous weekly payments, and stated that it was in final settlement of compensation due the employee by reason of the injury complained of and that the disability ceased on October 25, 1930.

Later, the appellee claimed there was a recurrence of his injury, and, on December 22, 1930, he filed with the board, using the regular printed form No. 9, furnished by the board, an application for the adjustment of his claim for additional compensation, and, on March 15, 1931, he filed, using the regular printed form No. 14, furnished by the board, an application for the review of the award theretofore made, alleging, among other things: (1) "That the disability of said employee on account of said injury has recurred since the date of said award. (2) That the disability of said employee on account of said injury has increased since the date of said award. (3) That said employer and employee have disagreed relative to the continuance of payments under said award." By agreement of the parties, the appellee dismissed his application under form No. 9 and substituted his said application under form No. 14. Issues were closed by considering a general denial filed as provided by rule 10 of the board.

A hearing was held before a single member of the board, who ordered that the appellee take nothing by his application, which was ordered dismissed at appellee's costs. An appeal was then taken to the full board, who made a finding, among other things, that "on the

6th day of November, 1930, the plaintiff (appellee) executed and delivered to the defendant (appellant) his receipt in final settlement of compensation acknowledging therein the payment of $231 and stating 'my disability ceased on the 25th day of October, 1930.' The majority of the members of the board finds from the evidence that the disability of the plaintiff (appellee) recurred and increased since October 25th, 1930, to the extent that the plaintiff (appellee) became totally disabled, the exact date of which increased and recurrence of disability cannot be determined from the evidence, and said disability continued and the plaintiff's (appellee's) application filed herein on April 15th, 1931, should be sustained." Upon their said finding, the board entered an award "that the defendant (appellant) resume the payment of compensation at the rate of $16.50 per week as provided in the compensation agreement approved by the Industrial Board on August 10th, 1930, beginning April 15, 1931, the date plaintiff (appellee) filed his application herein, and continue said payments during the period of plaintiff's (appellee's) total disability, not exceeding the period fixed by law; that all deferred payments of compensation be paid in cash and in a lump sum."

From this award the appellant has appealed to this court and has assigned as error the following: (1) "That the award of the full Industrial Board of ██ Indiana is contrary to law." There was another error assigned: (2) "That the award of the full Industrial Board of Indiana is contrary to the facts." This last assignment of error presents no question. We proceed to examine the record, under the first assignment of error, to determine the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. Both of these questions are presented by the first error assigned.

It is argued by the appellant that the receipt of the appellee, employee, in final settlement of compensation, which has heretofore been mentioned, has not been set aside and that no application has been made to set it aside, and that, consequently, by his own admission, the disability of the appellee has ceased; that the facts stated in the said receipt must be assumed to be true as of the date of the receipt, to wit, October 25, 1930, and that, if they were true on that date and if there was no change of condition shown by the evidence, the same condition must necessarily be true as of the date of the hearing before the board. The appellant forgets that the application in the instant case before the board specifically alleged "that the disability of said employee on account of said injury has recurred since the date of said award. That the disability of said employee on account of said injury has increased since the date of said award." These were questions of fact upon which the full board heard evidence and made the finding heretofore set out. It is needless for us to say that, where there is competent evidence to support the finding of the board, this court will not substitute its judgment for the judgment of the board. But the appellant contends that there is no evidence in the instant case to sustain the board's finding, and that the receipt of the appellee in final settlement of compensation heretofore mentioned binds him. In both of these contentions, the appellant is in error. Section 45 of the Indiana Workmen's Compensation Act, Acts 1929 p. 536, provides that "the power and jurisdiction of the industrial board over each case shall be continuing," etc., and §58 of the same act provides as follows: "If the employer and the injured employee or his dependents disagree in regard to the compensation payable under this act, or, if they have reached such an agreement, which has been signed by them, filed with and approved by the industrial

board, and afterward disagree as to the continuance of payments under such agreement, or as to the period for which payments shall be made, or [as] to the amount to be paid, because of a change in conditions since the making of such agreement, either party may then make an application, to the industrial board, for the determination of the matters in dispute." The appellee is proceeding under the above provisions of the law. This court, in several cases, has passed upon the force and effect of such a receipt of the injured employee in final settlement of compensation as was signed by the appellee in the instant case. In the case of *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228, the court said: "The beginning of the compensation period was, of course, definitely fixed in the award, but the end can come only when total disability shall have actually ceased or when the maximum time shall have expired. The question is one of fact. Now, by whom and by what method is the fact to be determined? We conceive that the fact might be evidenced by the agreement of the parties. But suppose that an employer, by fraud or duress, induced or compelled the employee to sign a final receipt or statement to the effect that his total disability had ceased. In that event, would anyone contend that thereby the fact had been established? Suppose the parties, fairly and honestly, should enter into an agreement to the effect that the workman's total disability had ceased, would that establish the fact irrevocably? They may have been mistaken. On returning to his labor the workman may discover his error; an actual trial may prove that he is wholly unable to work in any capacity; and in that case it would not do to say that the agreement, which rests on a mutual mistake of fact, marks the termination of the compensation period stated in the award. . . . The cessation of the workman's total disability

might have been only apparent or temporary. If his total disability should recur it would become the duty of the board to order further payments of compensation at the rate fixed for total disability. By the inherent nature of the plan on which the compensation act rests, it must be so; and one of the objects of the board's continuing jurisdiction is to accomplish that very purpose." We heartily approve the doctrine announced in the above case. To the same effect see, also, *Birdsell Mfg. Co.* v. *Tripp* (1923), 80 Ind. App. 450, 141 N. E. 252; *McDaniel* v. *Circle A Products Corp.* (1925), 83 Ind. App. 292, 147 N. E. 56; *Adams* v. *I. E. Smith Construction Co.* (1930), 91 Ind. App. 529, 171 N. E. 882. There is not only some evidence, but there is abundant evidence, upon which to conclude that the appellee and appellant were either honestly mistaken when the appellee signed the said receipt in final settlement of compensation, or that there was a short cessation of the disability and a recurrence of the same. The appellee testified that he has been physically unable to do any work since the injury; that there was some improvement on October 25, 1930; that there is continuous pain in the parts injured; and that he cannot walk more than five or six blocks without a knife-like pain on the right side. The medical testimony is that it will require another operation to effect a cure of the injury. There is ample evidence to sustain the finding of facts, and the facts found fully sustain the award.

Award affirmed.