ESPY *v.* INDIANAPOLIS POWER AND LIGHT COMPANY.

[No. 14,516.   Filed March 18, 1932.]

*Will C. Wetter* and *James C. Mathews,* for appellant.
*Jacob S. White, Edward J. Boleman, Burrell Wright* and *Herman L. McCray,* for appellee.

BRIDWELL, C. J.—The appellant, on February 26, 1931, filed his application with the Industrial Board for the adjustment of his claim for compensation against the appellee under the Indiana Workmen's Compensation Act of 1929 (Acts 1929 p. 536, §9446 *et seq.* Burns Supp. 1929), seeking an award of compensation for alleged injuries received by him in an accident occurring on June 5, 1929, while an employee of appellee.

After a hearing, finding and award by a board member, appellant filed his application for a review by the full board, and, on review by such board, its finding was as follows: "That on June 5th, 1929, the plaintiff was in the employ of the defendant at an average weekly wage of $24.00; that on said date the plaintiff received a personal injury as the result of an accident arising out of and in the course of his said employment. The Board finds that the evidence fails to show that plaintiff was disabled or suffered a permanent partial impairment as the result of said injury, and the finding herein should be for the defendant." Upon this finding, the full board made and entered its order, or award, that the plaintiff (appellant) take nothing by his application filed on February 26, 1931.

This appeal was perfected, the errors assigned being that: (1) The award is contrary to law; (2) that the award is contrary to the evidence.

The evidence discloses that the accident in question occurred about 4 o'clock, p. m., on June 5, 1929, and was occasioned by an electrical explosion happening while appellant, with other employees of appellee, was engaged in making repairs to electrical equipment of appellee; it further shows appellant's actions following the accident, how and in what manner

he spent his time on the day of the occurrence, from the happening thereof until approximately midnight, as well as his conduct and activities on the following day, and at times subsequent thereto. Medical testimony given in the cause is conflicting, and other conflict in the evidence exists. There is competent evidence in the record sufficient to sustain the finding of the Industrial Board, and this court on appeal will not weigh the evidence, nor, from such evidence, draw an inference or inferences logically leading to a different conclusion from that reached by the board. It is the province of the board to determine the facts, and from facts proved it may draw any reasonable inference in determining the ultimate fact or facts in controversy. *Goshen Veneer Co.* v. *Cozzi* (1931), 93 Ind. App. 160, 176 N. E. 634; *National Biscuit Co.* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410; *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312, 132 N. E. 262.

In the light of the evidence, we cannot say that in this case the board has drawn a conclusion from the facts proved which no reasonable man could legitimately draw.

The award is affirmed.