GLACIER PEAT MOSS CO. *v.* BRACKINS ET AL.

[No. 19,219. Filed April 2, 1959. Rehearing denied September 18, 1959. Transfer denied November 23, 1960.]

280

*Tony Foster, Bingham, Summers & Spilman,* of Indianapolis, and *Walter R. Bagot,* of counsel, of Anderson, for appellant.

*Murray, Mannon, Fairchild & Stewart* and *Richard W. Guthrie,* both of Indianapolis, for appellee J. J. Long Trucking Company.

*James A. McKown,* of Marion, for appellee Roscoe Brackins.

COOPER, C. J.—This is an appeal from an action before the Industrial Board of Indiana. Roscoe Brackins, appellee herein, brought the action against the Glacier Peat Moss Company, the appellant herein,

and against the J. J. Long Trucking Company, an appellee herein.

A concise statement of the record is that on June 4, 1956, the appellee Brackins received an accidental injury arising out of and in the course of his employment with the Glacier Peat Moss Company and that injury consisted of injury to his neck, right arm and shoulder. Thereafter, the appellant and the appellee Brackins entered into a Form 12 Agreement as to the compensation for temporary total disability until terminated in accordance with the Workmen's Compensation Law. This Agreement was approved by the Industrial Board, and the appellant paid Two Hundred and Two Dollars and Seventy Cents ($202.70) to the appellee Brackins for total temporary disability. The usual Form 28 was filed with the Board and appellee Brackins returned to work on July 18, 1956. Appellee Brackins' temporary total disability recurred on December 24, 1956. Thereafter, the appellee Brackins filed Form 9 with the Industrial Board for the adjustment of claim for compensation making the appellee J. J. Long Trucking Company a party thereto.

The Full Industrial Board, in material substance, made the following finding and award:

"... That on June 4, 1956 the plaintiff was in the employ of the defendant, Glacier Peat Moss Company at an average weekly wage in excess of $55.00; that on said date he received an accidental injury arising out of and in the course of his employment with the defendant, Glacier Peat Moss Company, of which accident the said defendant had notice and furnished some of the hospital and medical supplies; that said injury consisted of an injury to plaintiff's neck, right arm and shoulder.

"It is further found that on the 14th day of August, 1956, the Industrial Board approved a compensation agreement entered into by the plaintiff and the defendant, Glacier Peat Moss Company.

"It is further found that pursuant to said compensation agreement the defendant, Glacier Peat Moss Company, paid plaintiff compensation in the total sum of $202.70 for his temporary total disability; that the plaintiff's temporary total disability on account of his said accidental injury terminated on the 18th day of July, 1956; that the plaintiff's temporary total disability recurred on the 24th day of December, 1956 and he is so temporarily totally disabled at the time of this hearing.

"It is further found that at the time of the said accidental injury the plaintiff was not in the employ of the defendant, J. J. Long Trucking Company.

"It is further found that there was a good faith effort to settle said matter as to compensation which ended in disagreement prior to the plaintiff filing his Form 9 application herein on April 4, 1957.

"The Full Industrial Board now finds for the plaintiff and against the defendant, Glacier Peat Moss Company, and finds for the defendant, J. J. Long Trucking Company and against the plaintiff on the plaintiff's Form 9 application filed April 4, 1957.

## "AWARD

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff recover of and from the defendant Glacier Peat Moss Company compensation at the rate of $33.00 per week, beginning December 24, 1956, and to continue until terminated in accordance with the provisions of the Workmen's Compensation Law of Indiana and that all deferred payments under this award be brought up to date and paid in cash and in a lump sum.

"It is further ordered that the plaintiff take nothing as against the defendant, J. J. Long Trucking Company.

. . . .

"Dated this 14th day of June, 1958."

This appeal followed and the appellant's proper assigned error is that the award of the Industrial Board is contrary to law. Under this assigned error, the appellant's first proposition is: "The Full Industrial Board, contrary to law, has gone behind a prior award for claimant entered on the same accident, to find that there existed an additional injury, not found in such prior award, in order to base this award on a recurrence of disability from such injury." With this contention, we cannot agree.

First, both the Supreme Court and our court have held that the Workmen's Compensation Law is grounded in justice and should be liberally construed to accomplish the end for which it was enacted. *Pollock* v. *Studebaker Corporation* (1952), 230 Ind. 622, 105 N. E. 2d 513; *Rauh & Sons Fertilizer Co.* v. *Adkins, et al.* (1955) (T. D. 1956), 126 Ind. App. 251, 129 N. E. 2d 358.

Furthermore, the following receipt, originally filed with the Board affirmatively shows that said compensation for temporary total disability was subject to a review as provided for by law, and the evidence introduced at the hearing affirmatively shows that that award was not an award based in toto on an injury entirely outside the confines of the original award:

"Received of *Glacier Peat Moss Co.* the sum of *Two Hundred Two* Dollars and *Seventy Cents* ($202.70) making in all, with weekly payments already received by me, the total sum of *Two Hundred Two* Dollars and *seventy* Cents *($202.70)* in settlement of claims for compensation, for Temporary Total Disability. ———— Subject to review as provided by Law on account of injuries suffered by Roscoe Brackins on or about the *4* day of *June, 1956* while in the employ of *Glacier Peat Moss Co.*

"I returned to work on the *18th* day of *July, 1956* at a wage of *$60.00* per week."

The leading case in Indiana based upon the first proposition advanced by the appellant which has never been overruled or modified is the case of *Ralph Sollitt & Sons* v. *Bickel* (1932), 93 Ind. App. 665, 179 N. E. 327, wherein this court stated at page 669:

"It is argued by the appellant that the receipt of the appellee, employee, in final settlement of compensation, which has heretofore been mentioned, has not been set aside and that no application has been made to set it aside, and that, consequently, by his own admission, the disability of the appellee has ceased; that the facts stated in the said receipt must be assumed to be true as of the date of the receipt, to wit, October 25, 1930, and that, if they were true on that date and if there was no change of condition shown by the evidence, the same condition must necessarily be true as of the date of the hearing before the board. The appellant forgets that the application in the instant case before the board specifically alleged 'that the disability of said employee on account of said injury has recurred since the date of said award. That the disability of said employee on account of said injury has increased since the date of said award.' There were questions of fact upon which the full board heard evidence and made the finding heretofore set out. It is needless for us to say that, where there is competent evidence to support the finding of the board, this court will not substitute its judgment for the judgment of the board. But the appellant contends that there is no evidence in the instant case to sustain the board's finding, and that the receipt of the appellee in final settlement of compensation heretofore mentioned binds him. In both of these contentions, the appellant is in error. Section 45 of the Indiana Workmen's Compensation Act, Acts 1929, p. 536, provides that 'the power and jurisdiction of the industrial board over each case shall be continuing,' etc., and §58 of the same act provides as follows: 'If the employer and the injured employee or his dependents disagree in regard to the compensation payable under this act, or, if they have reached such

an agreement, which has been signed by them, filed with and approved by the industrial board, and afterward disagree as to the continuance of payments under such agreement, "or as to the period for which payments shall be made, or (as) to the amount to be paid, because of a change in conditions since the making of such agreement, either party may then make an application, to the industrial board, for the determination of the matters in dispute.' The appellee is proceeding under the above provisions of law. This court, in several cases, has passed upon the force and effect of such a receipt of the injured employee in final settlement of compensation as was signed by the appellee in the instant case. In the case of *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228, the court said: 'The beginning of the compensation period was, of course, definitely fixed in the award, but the end can come only when total disability shall have actually ceased or when the maximum time shall have expired. The question is one of fact. Now, by whom and by what method is the fact to be determined? We conceive that the fact might be evidenced by the agreement of the parties. But suppose that an employer, by fraud or duress, induced or compelled the employee to sign a final receipt or statement to the effect that his total disability had ceased. In that event, would anyone contend that thereby the fact had been established? Suppose the parties, fairly and honestly, should enter into an agreement to the effect that the workmen's total disability had ceased, would that establish the fact irrevocably? They may have been mistaken. On returning to his labor the workman may discover his error, an actual trial may prove that he is wholly unable to work in any capacity; and in that case it would not do to say that the agreement, which rests on a mutual mistake of fact, marks the termination of the compensation period stated in the award. . . . The cessation of the workman's total disability might have been only apparent or temporary. *If his total disability should recur it would become the duty of the board to order further payments of compensation at the*

*rate fixed for total disability.* By the inherent nature of the plan on which the compensation act rests, it must be so; and one of the objects of the board's continuing jurisdiction is to accomplish that very purpose.' We heartily approve the doctrine announced in the above case. To the same effect see, also, *Birdsell Mfg. Co.* v. *Tripp* (1923), 80 Ind. App. 450, 141 N. E. 252; *McDaniel* v. *Circle A Products Corp.* (1925), 83 Ind. App. 292, 147 N. E. 56; *Adams* v. *I. E. Smith Construction Co.* (1930), 91 Ind. App. 529, 171 N. E. 882. There is not only some evidence, but there is abundant evidence, upon which to conclude that the appellee and appellant were either honestly mistaken when the appellee signed the said receipt in final settlement of compensation, or that there was a short cessation of the disability and a recurrence of the same." (Our emphasis.) See, also §40-1509, Burns' 1952 Replacement.

The appellant's second contention is, "The Full Industrial Board, contrary to law, has based its present award upon findings of recurrence of disability from an injury to right arm and shoulder under a prior award, when all the evidence herein, including the evidence of the claimant, specifically denies any present disability to the right arm and shoulder and specifically fixes disability in the left arm and shoulder."

The appellant inadvertently, we are sure, mistakenly referred to the finding of the Full Industrial Board as to the injury. The record reveals that the pertinent portion of the finding is as follows:

"That said injury consisted of an injury to the plaintiff's *neck, right arm and shoulder.*" (Our emphasis.)

The record affirmatively reveals that appellee, in response to certain questions concerning his injury, made the following answers:

"Q. After your injury with the Glacier Peat Moss Company was your pain at that time restricted to the right arm?

"A. Yes, sir.

"Q. Did you have pain in your back at that time?

"A. Across my shoulders, yes, sir. In my neck and shoulders.

"Q. But you did have pain across your shoulders?

"A. It was more in my neck.

"Q. Did you have pain in your neck at that time?

"A. Yes. In the back of my neck.

"Q. Do you have pain in your neck at the present time?

"A. Yes, sir."

A review of the medical testimony discloses that the symptoms complained of by the appellee could have been attributed to his original injury received while in the employment of the appellant. There is ample evidence upon which the Industrial Board could conclude that there was a short cessation of the disability and a recurrence of the same. We are committed to the principle of law, as stated in the case of *Kraft* v. *Himsel Stock Yards* (1957), 127 Ind. App. 238, 139 N. E. 2d 569, wherein we said:

"This court on an application for a review of an award of the Full Industrial Board is controlled by well established rules of procedure declaring that it is the province of the Industrial Board to find the facts, and in determining such ultimate facts such Board may draw any reasonable inferences from the facts proved, and on a review this court must not weigh the evidence nor draw inferences therefrom leading to a different conclusion from that reached by the Industrial Board, unless there is no evidence of probative value which supports the award of the Board under

the rules laid down in such cases. *Espy* v. *Indianapolis Power & Light Co.* (1932), 94 Ind. App. 184, 180 N. E. 190." (See also *Gen. Accident, etc., Assurance Corp.* v. *Waldon* (1950) (T. D. 1951), 121 Ind. App. 1, 94 N. E. 2d 487.

The third proposition raised by the appellant is: "The Full Industrial Board, contrary to law, has failed to enter findings with respect to issues raised by claimant's Form 9 filed before the Industrial Board, as to aggravation of a pre-existing injury or occurrence of an injury by accident arising out of and in the course of employment with the appellee J. J. Long Trucking Company."

It is fundamental that it was the sole prerogative of the Industrial Board to determine from the evidence whether or not the appellee Brackins suffered an injury which arose out of and in the course of his employment with the appellee, The J. J. Long Trucking Company, since they were made a party defendant in this cause.

The record reveals that the Industrial Board made the following finding:

"It is further found that at the time of said accidental injury the plaintiff was not in the employ of the defendant, J. J. Long Trucking Company."

In these matters the Industrial Board is not strictly confined to the pleadings filed as in civil actions, and, the Industrial Board, having failed to find anything as to the aggravation of the pre-existing injury was, in effect, a finding against the appellee Brackins as to such alleged aggravation. However, the Industrial Board found specifically that the appellee's temporary total disability *recurred* on the 24th day of December, 1956, and that he was temporarily totally disabled at the time of the hearing. It

follows from what we have said and from the said finding of the Board that there is no merit to appellant's third proposition.

In the case of *Wolfcale* v. *Grush* (1944), 115 Ind. App. 155, 57 N. E. 2d 438, this court stated:

"If, however, we accept the appellant's position and assume that the award was based on the appellee's application, which alleges permanent partial impairment and not temporary total disability, we should bear in mind that the finding in appellant's favor must be given the same effect as the verdict of the jury or the finding of the court in an ordinary civil action. *Kingan & Co., Ltd.* v. *Ossam* (1921), 75 Ind. App. 548, 121 N. E. 289. This being so, the question of whether a finding and award is sustained by sufficient evidence *must be determined without reference to the appellee's application* and if there is any substantial evidence, unobjected to when introduced, to sustain such finding it is sufficient and the application, if it could have been amended below to conform to the evidence, will be deemed amended accordingly on appeal. *Dalton Foundries, Inc.* v. *Jefferies* (1943), 114 Ind. App. 271, 51 N. E. 2d 13; *Calumet Paving Co.* v. *Butkus* (1943), 113 Ind. App. 232, 47 N. E. 2d 829. We have examined the record and find no instance in which the appellant objected to introduction of evidence on the grounds that it did not tend to prove any issue in the case, and we therefore consider appellee's application amended to conform to the proof." See also *Peoples Trust Co., Gdn.* v. *Warner Gear Co.* (1923), 80 Ind. App. 401, 141 N. E. 231. (Our emphasis.)

In determining the correctness of the finding of the Industrial Board on appeal to this court, we must, of course, accept only the evidence most favorable to appellee. *U. S. Steel Corp.* v. *Douglas et al.* (1955), 125 Ind. App. 212, 123 N. E. 2d 899. This court will not disturb a finding of fact made by the Industrial Board unless the evidence, with all

reasonable inferences deducible therefrom is of such conclusive nature as to force a contrary decision. *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1947), 225 Ind. 517, 75 N. E. 2d 662. We cannot weigh the evidence; and if there is any evidenece of probative value to sustain the award, considering only the evidence most favorable to the appellees, it is our duty to sustain the Industrial Board. *Logan* v. *Acme Machine Products Div.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797.

For the reasons given herein, this court is of the opinion that the award of the Full Industrial Board is not contrary to law. Award affirmed.

Ryan, J., not participating.

NOTE.—Reported in 157 N. E. 2d 297.