COLLINS *v.* EVANSVILLE STATE HOSPITAL.

[No. 19,916. Filed April 4, 1963. Rehearing denied April 17, 1963.]

*Robert D. Schuttler*, of Evansville, for appellant.

*Edwin K. Steers*, Attorney General, and *Paul H. Frazier*, Deputy Attorney General, for appellee.

COOPER, C. J.—This matter comes before us for a judicial review from a decision of the Full Industrial Board of Indiana, wherein said Board found against the appellant and in favor of the appellee upon the appellant's application for compensation benefits re-

sulting from an alleged occupational disease which the appellant alleged she sustained while in the employ of the Evansville State Hospital.

The record now before us reflects that this matter was initiated by the appellant filing with the Industrial Board for application of a disabled employee for compensation under the provisions of the Indiana Workmen's Occupational Disease Act.

It appears that after the issues were closed, this matter was heard by a Hearing Member of the Industrial Board of Indiana; that said Hearing Member found for the appellee and against the appellant on said application. Thereafter, the appellant filed her application for review of the award by the Full Board, and, after said hearing, the Full Board entered their finding and award, the pertinent parts read as follows:

> "It is further found that plaintiff herein was not exposed to and did not contract an occupational disease while performing duties for the defendant herein, that her affliction, if any, is wholly unrelated to her employment with the defendant herein.
>
> "Said Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form #115 Application of disabled employe for compensation under the provisions of the Workmen's Occupational Diseases Act of Indiana, filed with the Industrial Board of Indiana on January 8, 1960.

> ## "A W A R D
> "IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiff take nothing as against the defendant on plaintiff's Form #115 Application of disabled employe for compensation under the provisions of the Indiana Workmen's Occupational Diseases Act, filed with the Industrial Board of Indiana on January 8, 1960."

The appellant made the following proper assignment of error: "1. That the Award of the Full Board is contrary to law."

It has been well stated, in substance, that any decision or verdict is contrary to law if any statute, constitutional provision, legal principle or rule of substantive or procedural law has been violated. See *Pub. Ser. Comm. of Ind.* v. *C., I. and L. Railway Co.* (1956), 235 Ind. 394, 399, 132 N. E. 2d 698, 134 N. E. 2d 53. The foregoing rule also applies to judicial reviews from administrative boards. *Mills* v. *Princeton Mining Company* (1962), 133 Ind. App. 486, 183 N. E. 2d 359.

In reviewing the Workmen's Occupational Disease Act, we find §40-2206, Burns', provides:

"(a) As used in this act [§§40-2201—40-2231], the term 'occupational disease' means a disease arising out of and in the course of the employment. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where such diseases follow as an incident of an occupational disease as defined in this section.

"(b) A disease shall be deemed to arise out of the employment, only if there is apparent to the rational mind, upon consideration of all of the circumstances, a direct causal connection between the conditions under which the work is performed and the occupational disease, and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment and which can be fairly traced to the employment as the proximate cause, and which does not come from a hazard to which workmen would have been equally exposed outside of the employment. The disease must be incidental to the character of the business and not independent of the relation of employer and employee. The disease need not have been foreseen or expected but after its contrac-

tion it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

It is a general rule of law that the burden of proving the various essential elements of the appellant's case, including the establishment of a causal connection between her employment at the Evansville State Hospital and her mental illness, rested solely upon the appellant by evidence of probative value. *Welton* v. *State Highway Commission et al.* (1960), 131 Ind. App. 291, 298, 170 N. E. 2d 450.

It is apparent from the finding and decision of the Full Industrial Board that the appellant obviously failed to convince said Board that she was exposed to and did contract an occupational disease while performing her duties for the appellee herein, and, as a matter of fact, the Board found that her affliction, if any, was wholly unrelated to her employment with the appellee herein.

After a careful reading and consideration of all the evidence in the record as is required in disposing of the question now before us, we find the same is very conflicting. Keeping in mind the well-established rule that this court will not weigh the evidence where it is conflicting, the rule under such circumstances is that the testimony of all witnesses is entitled to the careful consideration of the trier of the facts (Full Industrial Board) and where, as in this cause, there is a negative award based upon the finding against the claimant, we are unable to disturb such award unless all the evidence is without conflict and leads inescapably to the sole conclusion that the appellant was entitled to an affirmative award. *Mills* v. *Princeton Mining Company,*

*supra*; also, *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116.

In a judicial review, such as is now before us, the statute provides that an award of the Full Industrial Board shall be conclusive and binding as to all questions of fact, and, in determining the correctness of the finding of the board on an appeal to this court, we must, of course, accept only the evidence most favorable to the appellee. *Glacier Peat Moss Co.* v. *Brackins et al.* (1959) (T. D. 1960), 131 Ind. App. 279, 157 N. E. 2d 297; *U. S. Steel Corp.* v. *Douglas et al.* (1955), 125 Ind. App. 212, 123 N. E. 2d 899. This court will not disturb a finding of fact made by the Industrial Board unless the evidence, with all reasonable inferences deducible therefrom is of such conclusive nature as to force a contrary decision. *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1947), 225 Ind. 517, 75 N. E. 2d 662.

It is well settled that this court cannot weigh conflicting evidence and if there is any substantial evidence in the record to sustain the finding and decision of the Industrial Board, the judgment must be affirmed. In this connection, it must be borne in mind that said Board, as a trier of the facts, was not bound by the testimony of any single witness or any particular item of evidence. It was in their exclusive province to judge and determine the credibility of the witnesses, the weight of the evidence and determine which of the parties, if either of them, should prevail.

For the reasons given herein, this court is of the opinion that the award or decision of the Full Industrial Board is not contrary to law.

Award affirmed.

Carson, Clements and Ryan, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 106.