PEERLESS POTTERY, INC. *v.* BACON ET AL.

[No. 20,031. Filed July 6, 1964. Rehearing denied July 21, 1964.]

*Theodore L. Locke, Jr.,* and *Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellant.

*Sydney L. Berger,* of Evansville, and *Reisman & Milberg,* of New York, New York, of counsel, for appellees.

FAULCONER, P. J.—This matter comes before us for a judicial review from an award of the Full Industrial Board of Indiana wherein the Board found in favor of the appellees and against the appellant upon appellees' application for compensation benefits resulting from an alleged occupational disease which appellees alleged their deceased husband and father contracted while he was in the employ of appellant.

Appellant's assignment of errors contains four spec-

ifications. However, we will consider only Specification No. 1, "That the Award of the Full Industrial Board of Indiana is contrary to law" as it is the only necessary assignment. Section 40-2220 (f), Burns' 1963 Supp.; *Wabash Smelting, Inc.* v. *Murphy* (1962), 134 Ind. App. 198, 186 N. E. 2d 586, 590.

The findings of the Board under contention here as not being sustained by sufficient evidence and as contrary to law are as follows:

> "It is further found that on said date plaintiff's decedent in the course of his employment and arising out of samd [same] was exposed to and did contract an Occupational Disease, to-wit: Silicosis, which disease arose out of and in the course of his employment with the defendant, Peerless Pottery, Inc.
>
> . . .
>
> "It is further found that plaintiff's decedent died as a result of the said Occupational Disease on the 8th day of March, 1960."

This court will not disturb a finding of fact made by the Industrial Board unless the evidence with all reasonable inferences deducible therefrom, is of such conclusive nature as to force a contrary decision. *Lock-Joint Tube Co., Inc.* v. *Brown* (1963), 135 Ind. App. 386, 191 N. E. 2d 110, 112 (Trans. denied 1963); *Collins* v. *Evansville State Hospital* (1963), 134 Ind. App. 471, 189 N. E. 2d 106, 109; *Casey v. Stedman Foundry and Machine Co., Inc.* (1962), 134 Ind. App. 291, 186 N. E. 2d 177, 180 (Trans. denied 1963); *Glacier Peat Moss Co.* v. *Brackins et al.* (1959), 131 Ind. App. 279, 290, 157 N. E. 2d 297 (Trans. denied 1960); *Woldridge* v. *Ball Bros. Co., Inc.* (1958), 129 Ind. App. 420, 423, 150 N. E. 2d 911 (Trans. denied 1959).

Whether the decedent died as a result of silicosis and whether he was exposed to and contracted said disease while an employee of the appellant are the primary disputes of this matter. A review of the evidence discloses that there is conflict on these issues.

It is well settled that this court cannot weigh conflicting evidence and if there is any substantial evidence in the record to sustain the award of the Industrial Board, considering only the evidence most favorable to the appellees, the judgment must be affirmed. *Ken Schaefer Auto Auction, Inc.* v. *Tustison* (1964), 136 Ind. App. 174, 198 N. E. 2d 873; *Glacier Peat Moss Co.* v. *Brackins et al., supra,* (1959), 131 Ind. App. 279, 291, 157 N. E. 2d 297, (Trans. denied 1960); Small, Workmen's Compensation Law of Indiana, §12.14, and cases cited.

After a careful reading and consideration of the evidence most favorable to appellees this court is of the opinion that the evidence is not of such a conclusive nature as to force a contrary decision, and we are of the further opinion that there is sufficient evidence to support the findings and award of the Board.

Appellant also attacks the ruling of the Board admitting into evidence the deposition of the physician of appellees' decedent. It is true that §40-2212, Burns' 1952 Replacement, prohibited the introduction into evidence of an autopsy or evidence derived therefrom when same was made without proper notice to "Parties in interest" prior thereto. However, in the instant case the autopsy report was not admitted into evidence. Also, a review of said physician's testimony directly shows that his diagnosis was made prior to, and independently of, said autopsy. We, there-

fore, find no error in the Board's ruling on the admissibility of his deposition.

For the reasons above this court is of the opinion that the award is not contrary to law.

Award affirmed.

Carson, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 857.